ENGLISH *v.* RICHARDSON, TREASURER OF
TULSA COUNTY, OKLAHOMA.

ERROR TO THE SUPREME COURT OF THE STATE OF
OKLAHOMA.

No. 559.  Argued February 23, 1912.—Decided May 13, 1912.

Decided on authority of *Choate* v. *Trapp, ante,* p. 665.
28 Oklahoma, 408, reversed.

THE facts, which involve the taxability of Creek allot-
ments in Oklahoma, are stated in the opinion.

*Mr. Willard L. Sturdevant,* with whom *Mr. Grant Fore-*
*man* and *Mr. M. L. Mott* were on the brief, for plaintiff in
error.

*Mr. Charles West,* Attorney General of the State of
Oklahoma, for defendants in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

The plaintiff holds a patent dated December 12, 1902.
It was issued to her as a member of the Creek Nation
when the tribal lands were divided in pursuance of the
same general policy as that discussed in *Choate* v. *Trapp,*
*ante,* p. 665. There were, however, a few differences. The
tax exemption covered only the homestead of forty acres,

and there was a restriction on alienability for 21 years. The patent, instead of being "framed in conformity with the Agreement," as in the case of the Choctaws and Chickasaws, bore on its face a provision that the land should be non-taxable; the language of the Agreement incorporated in the act of Congress, being that "Each citizen shall select from his allotment forty acres of land . . . as a homestead, which shall be and remain non-taxable, inalienable and free from any encumbrance whatever for 21 years from the date of the deed therefor, and a separate deed shall be issued to each allottee for his homestead, in which this condition shall appear."

· These differences are not material. The right of plaintiff to the exemption granted by Congress is protected by the Constitution on principles stated and applied in *Choate* v. *Trapp*. The judgment dismissing her complaint is therefore reversed and the case remanded for proceedings not inconsistent with that opinion.

*Reversed.*