## WHITMIRE et al. v. TRAPP et al.

No. 1708.   Opinion Filed September 11, 1912.

(126 Pac. 578.)

**TAXATION—Allotments—Exemption from Taxation.** Cherokee allottees, by virtue of the Cherokee Agreement, under which, in consideration of their relinquishment of all claim to the tribal property, they were to receive allotments of the lands in severalty, which were to be nontaxable for a specified period while the title remained in the original allottees, acquired vested rights of exemption from state taxation, protected by the United States Constitution, fifth amendment, from abrogation during that period, as was attempted by the act of May 27, 1908 (35 St. at L. 312, c. 199), removing the restrictions upon alienation, and providing that lands from which such restrictions had been removed should be subject to taxation.

(Syllabus by the Court.)

*Error from District Court, Adair County;*
*J. H. Pitchford, Judge.*

Action by Walter S. Whitmire and others against M. E. Trapp, Secretary of the State Board of Equalization, and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded, with directions.

*Wm. P. Thompson* and *Jas. S. Davenport,* for plaintiffs in error.

*W. L. Curtis, E. B. Arnold, J. I. Coursey,* and *Ad. V. Coppedge,* for defendants in error.

KANE, J.   This was a suit in equity, commenced in the district court of Adair county, by the plaintiffs in error, for the purpose of enjoining the collection of taxes for the years 1908 and

1909, levied against certain lands allotted to members of the Cherokee Tribe of Indians. The court below refused to grant the relief prayed for, and to reverse that order this proceeding in error was commenced.

On the authority of *Choate et al. v .M. E. Trapp, Secy. State Bd. Equalization, et al.,* 224 U. S. 665, 32 Sup. Ct. 565, 56 L. Ed. ——, *Gleason et al. v. Wood,* 224 U. S. 679, 32 Sup. Ct. 571, 56 L. Ed. ——, and *English v. Richardson,* 224 U. S. 680, 32 Sup. Ct. 571, 56 L. Ed. ——, the judgment of the court below must be reversed. Those cases sustain the proposition contended for by counsel for plaintiffs in error that Cherokee allottees, by virtue of the Cherokee Agreement under which, in consideration of their relinquishment of all claim to the tribal property, they were to receive allotments of the lands in severalty, which were to be nontaxable for a specified period while the title remained in the original allottees, acquired vested rights of exemption from state taxation, protected by the United States Constitution, fifth amendment, from abrogation during that period, as was attempted by the act of May 27, 1908 (35 St. at L. 312, c. 199), removing the restrictions upon alienation, and providing that lands from which such restrictions had been removed should be subject to taxation.

The judgment of the court below is reversed and the cause remanded, with directions to proceed in conformity with this opinion.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.