## LIEBER v. ROGERS, *County Treas.*

No. 2813.   Opinion Filed June 11, 1913.

CONSTITUTIONAL LAW—Indian ˙ Allotments—Tax Exemption. A Creek homstead allottee under an agreement incorporated in congressional legislation by which, in part consideration of the relinquishment by the Indians of their claim to the tribal property, they were to receive homestead allotments which should be nontaxable and inalienable for a specified period, acquired a vested right to exemption from state taxation, protected by the Federal Constitution against abrogation by Congress during that period. (English v. Richardson, 224 U. S. 680, 56 L. Ed. 949, 32 Sup. Ct. 571.)

(Syllabus by Robertson, C.)

*Error from District Court, Muskogee County;*
*Chas. Bagg, Special Judge.*

Action by Dora Lieber, a Creek Indian, against Connell Rogers, county treasurer and others, to restrain collection of taxes. Judgment for defendants, and plaintiff appeals. Reversed with instructions.

*W. C. Franklin* and *P. J. Carey*, for plaintiff in error.

Opinion by ROBERTSON, C. On June 23, 1910, the plaintiff, Dora Lieber, a Creek Indian, filed her petition in the district court of Muskogee county, praying for an injunction against Connell Rogers, county treasurer, and others, who were then and there attempting to collect state, county, and township taxes levied against her homestead allotment situated in the Creek Nation and Muskogee county.

She alleged in her petition that she was a member of the Creek Tribe of Indians and, as such, had been awarded the land in controversy as her homestead allotment; that the patent thereto had been executed and delivered to her on April 18, 1903, and duly approved by the Secretary of the Interior; that the defendants, notwithstanding the provisions of the Treaties between the United States and the Creek Nation and notwithstanding the provisions of the Constitution of the state of Oklahoma, which exempted said land from taxation, had assessed the same and were about to sell it for state, county, and township taxes, etc.

The defendants filed a demurrer to said petition, which was sustained by the court over the objections of plaintiff, who brings this appeal and insists that the lower court erred in sustaining said demurrer and in dismissing her petition. The issue thus presented is no longer open to discussion in this state. The Supreme Court of the United States in *English v. Richardson, County Treas.*, 224 U. S. 680, 56 L. Ed. 949, 32 Sup. Ct. 571, disposed of this question by the following language found in the syllabus, to wit:

"A Creek homestead allottee under an agreement incorporated in congressional legislation by which, in part consideration of the relinquishment by the Indians of their claim to the tribal property, they were to receive homestead allotments which should be nontaxable and inalienable for a specified period, acquired a vested right to exemption from state taxation, protected by the Federal Constitution against abrogation by Congress during that period."

See, also, *Gleason v. Wood, County Treasurer*, 224, U. S. 679, 56 L. Ed. 941, 32 Sup. Ct. 371; *Choate v Trapp*, 224 U. S. 665, 56 L. Ed. 941, 32 Sup. Ct. 565.

These authorities are controlling and the judgment should, therefore, be reversed and the cause remanded to the district court of Muskogee county, with instructions to overrule the demurrer, and for further proceeding in accordance with the views herein expressed.

By the Court: It is so ordered.