BROWN *et al.* v. DENNY, *Rogers County Treasurer.*

No. 5844.   Opinion Filed November 9, 1915.

(152 Pac. 1103.)

1.    INJUNCTION—Dissolution on Motion—Pleading.  Where a petition in equity fails in its averments to state a case requiring equitable relief, and an order of temporary injunction is improvidently issued thereon, it is not error for the court to dissolve same later, on motion so to do.

2.    TAXATION—Property Subject—Allotments.  The grant of nontaxable land to the allottees of the Cherokee Tribe of Indians by virtue of the provisions of Act Cong. July 1, 1902, c. 1375, 32 Stat. 716, known as the Cherokee Treaty, covers only the homestead of 40 acres; and the lands of such allottees other than homesteads, from which restrictions have been removed by act of Congress, are subject to taxation.

(Syllabus by Brewer, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by Nora A. Brown and others against Homer Denny, County Treasurer of Rogers County.  Judgment for defendant, and plaintiffs bring error.  Affirmed.

*H. Tom Kight,* for plaintiffs in error.

Opinion by BREWER, C.  This suit was brought November 3, 1913, by Nora A. Brown, and about 60 other persons, asking for an injunction against the county treasurer and other officers against the sale of lands. A temporary order was issued, and later, on motion, was dissolved.  This appeal is from the order dissolving the temporary injunction.

No error is shown.  The petition was not sufficient in its averments to warrant the relief prayed for, and

therefore, the temporary injunction having been improvidently issued, the court properly dissolved it.

The petition sets up that plaintiffs are Cherokee Indians; that their allotted lands have been assessed in the year 1913, and will be sold, unless the officers are prevented. No land is described; no individual status as to quantum of blood is given. Whether the lands are homesteads or surplus was evidently considered too unimportant to mention. Therefore, there was nothing before the court upon which it could decree that any particular tract of land belonging to any one of the plaintiffs was exempt. It may be that some 40-acre homesteads, which were exempt from taxation, were involved; but, if so, the pleader was careful not to mention it. That the lands allotted to Cherokees, other than homesteads, are taxable has been held in *Kidd v. Roberts, County Treasurer*, 43 Okla. 603, 143 Pac. 862. The syllabus is as follows:

"The grant of non-taxable land to the allottees of the Cherokee Tribe of Indians by virtue of the provisions of Act Cong. July 1, 1902, c. 1375, 32 St. at L. 716, known as the Cherokee Treaty, covers only the homestead of 40 acres; and the lands of such allottees other than homesteads, from which restrictions have been removed by act of Congress, are subject to taxation."

It may be further observed that the above case discusses the cases of *English v. Richardson*, 224 U. S. 680, 32 Sup. Ct. 571, 56 L. Ed. 949, and *Choate v. Trapp*, 224 U. S. 665, 32 Sup. Ct. 565, 56 L. Ed. 941, together with the treaties and laws affecting the Cherokees, and also the case by this court of *Whitmire et al v. Trapp et al.*, 33 Okla. 429, 126 Pac. 578, and overrules *pro tanto* the last-named case—

"if the language used is deemed sufficiently comprehensive to embrace lands other than the homestead allotment."

The cause should be affirmed.

By the Court: It is so ordered.