## BOARD OF COM'RS OF OKFUSKEE COUNTY v. HUTTON.

No. 9767—Opinion Filed April 8, 1919.

(179 Pac. 922.)

(Syllabus.)

### Constitutional Law — Taxation — Indian Lands—Exemptions—Vested Rights.

The homestead allotment of a Creek freedman, title being in the allottee, is exempt from taxation by the state for a period of 21 years, this exemption being a vested right under Act Cong. June 30, 1902, known as the Supplemental Agreement, and protected by

the federal Constitution from abrogation during that period.

Error from Superior Court, Okfuskee County; John L. Norman, Judge.

Proceeding by Lewis Hutton, as guardian of Edwin Hutton, a minor, against the Board of County Commissioners of Okfuskee County, to correct an erroneous assessment of taxes. From a judgment of the superior court on appeal holding the land exempt from taxation, the commissioners bring error. Affirmed.

S. P. Freeling, Atty. Gen., Hunter L. Johnson, Asst. Atty. Gen., and T. S. Hurst, Co. Atty., for plaintiff in error.

Tom Hazlewood and Thomas H. Wren, for defendant in error.

OWEN, J. This action was begun by defendant in error filing an affidavit of erroneous assessment of taxes on 40 acres of land allotted to the minor as a homestead. The judgment of the superior court, on appeal from the action of the board of county commissioners held the land exempt from taxation. The commissioners appeal to this court.

The question presented is whether the homestead allotment of a Creek freedman is taxable, title being in the allottee.

In the case of English v. Richardson, 224 U. S. 680, 32 Supp. 571, 56 L. Ed. 949, the homestead allotment of a Creek Indian, title being in the allottee, was held to be exempt from taxation under the Act of Congress June 30, 1902, c. 1323 (32 Stat. 500), known as the Supplemental Creek Agreement.

The allottee Edwin Hutton was enrolled, as a new-born Creek freedman, under provisions of the Act of March 3, 1905, c. 1479 (33 Stat. 1048), and it is argued he has no rights under the Supplemental Creek Agreement.

The Creek freedman were given full citizenship with the Creek Indians under the Treaty of Aug. 11, 1866 (14 Stat. 7850), and our attention has not been called to any subsequent treaty, or act of Congress, in which any distinction was made between the rights of Creek freedmen and Indians. Both classes are referred to as citizens of the Creek Nation.

The land involved was allotted to Edwin under the provisions of both the Original and Supplemental Creek Agreements. By its terms the land is not taxable for a period of 21 years. The terms of this patent are identical in all respects with the patent under consideration in the case of English v. Richardson, supra, referring to both Creek agreements.

In the case of Choate v. Trapp, 224 U. S. 665, 32 Sup. Ct. 565, 56 L. Ed. 941, in which it was sought to tax lands allotted to members of the Choctaw and Chickasaw Tribes from which the restrictions against alienation had been removed, the exemption from taxation was held to be a vested right in the allottee and protected by the Fifth Amendment to the federal Constitution from abrogation during the fixed period, as was attempted by the Act of May 27, 1908, c. 199, 35 Stat. 312. The privilege of nontaxability was held not to depend upon the restrictions against alienation. In the case of English v. Richardson, supra, this rule was held to apply to the homestead allotment of a Creek Indian from which the restrictions had been removed. That case controls the question presented here.

Therefore the judgment of the lower court is affirmed.

All the Justices concur, except HARRISON, J., being disqualified and not participating.