## STOUT *v.* MASTIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 1072. Submitted January 12, 1891. — Decided March 2, 1891.

In Kansas, if the description in a deed of land sold for non-payment of taxes departs from the description contained in the assessment roll and the prior tax proceedings, such prior description, if imperfect and insufficient, avoids the deed, although the description in the latter may be sufficient and complete.

THE case is stated in the opinion.

*Mr. John Hutchings* for plaintiff in error.

*Mr. T. A. Frank Jones* for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

This is an action of ejectment to recover the possession of seven lots in Kansas City, Kansas. Defendant rested his defence on tax deeds for the several lots, and the single question is as to the validity of those tax deeds. A jury being waived, the case was tried by the court; and findings of fact were made, from which the court, as a conclusion of law, held

that the tax deeds were invalid by reason of a misdescription of the lots in the tax proceedings. Our inquiry is limited to the question whether, upon the findings, the conclusion was correct.

From these findings it appears that the present value of the lots is in excess of five thousand dollars. This suit was commenced prior to February 12, 1884. It further appears that in 1878 sale was made for the taxes of 1877; that thereafter the purchaser paid the taxes of 1878, 1879 and 1880; and that his total investment for these taxes was $104.80. The statutes of Kansas in force at the time of these proceedings gave to an investor in taxes twenty-four per cent interest. It certainly is a large demand on an investment of $104.80 to insist upon title to property worth more than five thousand dollars; and when by the laws of the State there is given a fixed and prior lien for the investment, and interest thereon at twenty-four per cent, it is impossible not to observe that the large interest ought to satisfy any reasonable person. But the purchaser rests on the letter of his bond, and he has a legal right so to do; but under such circumstances he must rest alone on its letter. He has no overpowering equity to justify a large and liberal interpretation of statutory proceedings. Surrounding circumstances may sometimes sustain an imperfect description in a voluntary deed by a grantor, but seldom one made in hostile tax proceedings. In *Tallman* v. *White*, 2 Comstock (2 N. Y.) 66, it was said that "an assessment for taxes of non-resident land is fatally defective if it contains such a falsity in the description of the parcel assessed as might probably mislead the owner, and prevent him from ascertaining by the published notices that his land was to be sold or redeemed. Such a mistake or falsity defeats one of the obvious and just purposes of the statute — that of giving to the owner an opportunity of preventing the sale by paying the tax." In *Hill* v. *Mowry*, 6 Gray, 551, the rule is laid down that a tax deed, "taking effect only as the execution of a statute power, should be construed with some strictness, so as to enable the grantee to identify the land, and to enable the owner to redeem it;" and it was held that a deed which

bounded the land correctly on two sides, on the third by land on which it was in fact bounded only in part, and on the fourth by land from which it was separated by the land of another person, was void for uncertainty. Now the description in one of these tax deeds, and so far as the question here is concerned they are all alike, is "lot 246 Armstrong Street, Kansas City, Kansas, situated in the county of Wyandotte and State of Kansas." There was a lot in that city answering to this description; but such description does not conform to that found in the assessment roll and prior tax proceedings; and it was adjudged by the Supreme Court of Kansas, in the case of *Hewitt* v. *Storch*, 31 Kansas, 488, that in making a tax deed the county clerk has no power to go beyond the description in the prior tax proceeding; and if he adds anything thereto, such addition does not aid or materially benefit the deed. In other words, the description in a tax deed does not end the question. If it is a departure from that contained in the assessment roll and prior tax proceedings, such prior description, if imperfect and insufficient, avoids the deed, although the description in the latter may be sufficient and complete.

In that case the description in the assessment roll and prior tax proceedings was of a lot in Challiss's addition; that in the deed was of a lot of the same number in L. C. Challiss's addition. Plats of two additions to the city of Atchison had been filed — one named "Challiss's addition" and the other "L. C. Challiss's addition." There was an error in recording the first plat, which was attempted to be corrected by the second, which also included territory other than that described in the first; and the latter plat, with its description, became the recognized plat of the entire addition. So, to perfect the description, which in the assessment roll was Challiss's addition, in the tax deed the clerk described the lot as in L. C. Challiss's addition. In respect to this departure, that court observed in an opinion by Chief Justice Horton: "It is unnecessary for the purpose of this case to decide whether the tax-toll of 1872, or the tax certificate of May 15, 1873, sufficiently described lot 19, in block 16, in L. C. Challiss's addition to the city of Atchison. A tax

deed to be valid must not only substantially conform to the requirements of the statute, but must correspond with the proceedings upon which it is based in all essential particulars. The county treasurer must give to the purchaser, on the payment of his bid, a certificate describing the lands purchased in accordance with the records of the tax proceedings in his office. If the land be not redeemed within the time prescribed by the statute, the county clerk of the county where the land is sold, on presentation to him of the certificate of sale, must execute in the name of the county, as county clerk, to the purchaser, his heirs or assigns, a deed to the land remaining unredeemed; but he has no power to insert in the deed executed by him another and different description from that contained in the tax proceedings. While it is sufficient to describe lands in all proceedings relative to assessing, advertising or selling the same for taxes, by initial letters, abbreviations and figures to designate the township, range, section or parts of section, and also the number of lots and blocks, and while it is competent for the county clerk, instead of using such initial letters, abbreviations and figures in tax deeds executed by him, to write out in full the words which such initial letters, abbreviations, etc., represent, yet he is not to make any material or substantial variance in the description of the property inserted in the deed from that set forth in the prior tax proceedings upon which it is based. Each act of the tax proceedings must substantially correspond with its immediate antecedent. Blackwell on Tax Titles, 434."

That case is decisive of this. For while the tax deed describes lot 246, Armstrong Street, the assessment roll describes the property as lot 246, Armstrong block. · It is true the ninth finding of fact shows that " upon the plat of Kansas City, Kansas, and in conveyances of land and in tax-sale proceedings in the old city of Kansas City, Kansas, the lots are numbered by streets and not by the block, and 'Ewing,' 'Joy,' 'James,' 'Wood' and 'Armstrong' are names of streets in said city; " and the eighth finding also shows that " on the first page of the tax roll, and in respect to other lots, underneath the printed heading 'block' appeared the written words 'Ewing Street;' "

and the contention is, that where thereafter, on subsequent pages, adjoining the printed word "block," appeared the written word "Armstrong," or "James," "Wood," or "Joy," it was to be understood as describing not block but street; and that the peculiarity of description obtaining in Kansas City, Kansas, by lot and street rather than by lot and block, as obtains elsewhere in the State, was fully indicated by the entry on the first page of the tax roll in respect to "Ewing Street." While it appears affirmatively from this ninth finding that the custom was to describe lots by number and street, and not by number and block, yet, it does not appear that there were no blocks known by these descriptive names, "Armstrong," "Wood," "James," etc. It is common knowledge that in many cities lots which are on streets, and are entitled to the appropriate number of lots on such streets, have, in general understanding, a peculiar and separate description by virtue of being in certain blocks, or facing on certain open squares; and it is not found that such peculiarity of description, generally known and accepted, did not obtain in the city of Kansas City, Kansas. If the description in the tax roll was inaccurate, and it was sought to perfect that description by evidence aliunde, it should have appeared affirmatively, not merely that the description by reasonable correction might apply to the lots in controversy, but also that it was not applicable to any other lots. Such fact does not appear in these findings; and as a party claiming under a tax deed necessarily relies on the letter of his bond, he cannot, where the description in the proceedings upon which his deed is based is inaccurate, content himself with the act of the county clerk in making in the tax deed a sufficient correction, but must also show that the description in the tax proceedings, though inaccurate, could not be mistaken.

From the findings of fact the conclusion of the Circuit Court cannot be adjudged erroneous, and, therefore, its judgment for the plaintiff must be *Affirmed.*

MR. JUSTICE BROWN dissenting.

I think that under the General Statutes of Kansas, secs.

6993 and 7008, the description in these deeds was sufficient. These sections are printed in the margin.[1]

---

[1] "SEC. 6993. No irregularity in the assessment roll, nor omission from the same, nor mere irregularities of any kind in any of the proceedings, shall invalidate any such proceeding or the title conveyed by the tax deed; nor shall any failure of any officer or officers to perform the duties assigned him or them, upon the day specified, work an invalidation of any such proceedings or of said deed."

"SEC. 7008. In all advertisements, certificates, papers or proceedings relating to the assessment and collection of taxes and proceedings founded thereon, any description of lands which shall indicate the land intended with ordinary and reasonable certainty, and which would be sufficient between grantor and grantee in an ordinary conveyance, shall be sufficient."