AUSTIN *v.* SULLIVAN.*

(Division A.   June 2, 1924.)

[100 So. 275.   No. 24119.]

1. TAXATION.   *Description of land on tax assessment roll construed.*
   A description of land on a tax assessment roll as West half of
   Northwest quarter less railroad right of way containing forty-
   five acres, includes all of the land in the subdivision other than
   the railroad right of way, although containing more than forty-
   five acres, a part of which is not owned by the person to whom
   the assessment is made, and which is separately assessed to the
   owner thereof.

2. TAXATION.   *Where two sufficient assessments and taxes paid under*
   *either, sale under other assessment void.*
   If there are two sufficient assessments of land and the taxes due
   thereon are paid under either, a sale of the land under the other
   assessment is void.

*Headnote 1.   Taxation, 37 Cyc, p. 1058;   2.   Taxation, 37 Cyc, p.
1284.

APPEAL from chancery court of Forrest county.
HON. T. P. DALE, Chancellor.
Suit by C. W. Sullivan against I. V. Austin. From a de-
cree for plaintiff, defendant appeals. Reversed, and bill
dismissed.

*Davis & Hill,* for appellant.

The assessment in such case is against the subdivision
of the land described in the assessment. Have not the
taxes been paid on the subdivision or parcel described
definitely, whether the contents be correctly or incor-
rectly stated? The acreage or quantity might be stated or
they might be omitted but nevertheless the taxes are paid.
This being true, it becomes immaterial whether the quan-
tity is stated, and if so, whether it is stated correctly or
incorrectly. As was said by Judge CAMPBELL in *Dodds* v.
*Marx,* 63 Miss. 443: ''Only one assessment can lawfully

be made. The owner knows this, and finding one may assume that it is the only one, and act accordingly. He is not bound to inquire if there is another, or take notice of it if it exist, and if he has knowledge of it, he may pay under that most favorable to him and thereby acquit his land if the assessment is not corrected by the proper authority. This results from the proposition that payment under an assessment sufficient to carry title under a sale under it acquits the land from liability of sale.'' See, also, *Crawford* v. *McLaurin,* 35 So. 209. We submit, therefore, that having paid the taxes once under the larger assessment, this tax sale is clearly void.

*D. E. & C. W. Sullivan,* for appellee.

The designation of the number of acres of land on the assessment roll is required to be placed there, and is a part of the assessment and conclusively fixes the number of acres assessed against the owner. The designation of the number of acres on the assessment roll cannot be ignored. Appellant however does ignore the fact that his vendor was assessed with forty-five acres in the West half of the Northwest quarter and in a different place on the same roll with four acres, making forty-nine acres, leaving thirty-one acres, including railroad rights of way, out of the assessment against his vendor, Robert E. Burkett. He also ignores the fact that the same assessment roll shows John B. Burkett assessed in 1913 with part of the Northwest quarter of the Northwest quarter, lying between the Mississippi Central and the New Orleans, Mobile & Chicago Railroads, containing six acres. This six acres is the land in controversy, and was sold for taxes because the vendor of appellant or the person to whom it was assessed, did not pay the taxes.

Appellant contends that his tax receipt issued to Robert E. Burkett on December 16, 1914, covers all of the taxable property in the West half of the Northwest quarter less rights of way, forty-five acres. The number of

acres stated on the assessment roll and named in the tax receipt and paid on by the vendor of appellant, amounting to forty-nine acres, assessed to Robert E. Burkett, conclusively shows when considered, with reference to other land assessed in the West half of the Northwest quarter, that the tax receipt relied on by appellant does not cover all assessable land in the West half of the Northwest quarter of said section 23. In fact, the assessment to R. E. Burkett of the West half of the Northwest quarter, containing forty-five acres, is equivalent to the assessment of forty-five acres in the West half of the Northwest quarter of section 23. Standing alone such assessment would be void and a tax receipt containing such description would likewise be void. The only thing that could possibly render such an assessment valid would be to look to the assessment roll and take into consideration all other land validly assessed in the West half of the Northwest quarter counting out railroad rights of way not assessed, and subtracting all of the land validly assessed, including railroad rights of way not assessed, from eighty acres, and if this left forty-five acres, the location of the forty-five acres so left in the West half of the Northwest quarter would be ascertained and definitely fixed. If this could not be done by the use of the assessment roll as above suggested, then the assessment, described as the West half of the Northwest quarter (less rights of way), containing forty-five acres, would be a void assessment, and the tax receipt with such description would be a void tax receipt.

If we are right in this conclusion, then it logically follows that such tax receipt would not be evidence of the payment of the taxes of all taxable property (less rights of way) in the West half of the Northwest quarter of section 23. In fact, if each assessment on the roll for the years of 1913 and 1914 is considered alone and not in connection with all of the other assessments in the West half of the Northwest quarter, they would all be void for uncertainty, except the assessment to John B. Burkett as

part of the Northwest quarter of the Northwest quarter, lying between the Mississippi Central and the New Orleans, Mobile & Chicago Railroads, section 23, Township 4, North, Range 13 West, which is the land in controversy, and was sold for taxes in 1915, for the taxes for the year of 1914; and except the three acres assessed to the Tatum Lumber Company.

*Davis & Hill,* for appellant in reply.

Appellees argument is that because there appeared other assessments of parts of the eighty acres on the assessment roll, it was not the intention of the major assessment to cover the entire West half of the Northwest quarter, less rights of way. Our response to this argument is that it becomes immaterial what the assessment intended to cover, but what it in fact does cover, and this question must be determined exclusively from the description itself, and not by reference to other assessments on the roll of parts of said eighty acres, nor by reference to extraneous matters. Counsel ask what becomes of the three other assessments on the roll, and say: "It is not left with appellant to choose which one of the assessments suits him and to reject the others." Our answer to this is that the state may make but one assessment of the land, and that it clearly did so in this case cannot be disputed. It is therefore immaterial to inquire what becomes of the three other assessments, and when counsel argue that appellant may not choose the assessment which suits him and reject the others they are going directly against former declarations of this court on said question, as shown by the authorities cited by us. See *Crawford* v. *McLaurin,* 35 So. 210; *Dodds* v. *Marx,* 63 Miss. 443, in which the court expressly said "only one assessment can lawfully be made."

It is contended by counsel that the assessment to Robert E. Burkett of the West half of the Northwest quarter, less rights of way, containing forty-five acres, is equivalent

to the assessment of forty-five acres in the West half of the Northwest quarter, section 23, and that standing alone, such assessment would be void and a tax receipt containing such description would likewise be void. They contend though that such an assessment would perhaps be valid, if we could look to the assessment roll and take into consideration and add all other land validly assessed in the West half of the Northwest quarter, counting out railroad rights of way not assessed, and subtract from the eighty all other land validly assessed and if this left forty-acres, the location of the forty-five acres so left in the West half of the Northwest quarter would be ascertained and definitely fixed.

We respectfully submit that counsel are wrong in both views. In the first place, the assessment under consideration is not equivalent to the assessment of forty-five acres in the West half of the Northwest quarter less rights of way. In arguing their point, counsel failed to take into consideration the exception of the assessment, namely, rights of way, but had they done so it would have made no difference, because an assessment of the West half of the Northwest quarter with forty-five acres shown in the acreage column is an assessment of all the land embraced within the subdivision, whether the quantity be shown in the acreage column as forty-five acres, or whether it be shown as greater or less than forty-five acres.

However, the description which appears on the roll is definite and certain. It describes an eighty-acre tract less rights of way. It is a perfect and definite description, but if changed to read as counsel would have it read, that is "forty-acres in the West half of the Northwest quarter of section 23, Township 4 North, Range 13 West," we would then have a case of conveyance of forty-five acres in the West half of the Northwest quarter, and the description would be void for uncertainty, as counsel admits, because it would be impossible to ascertain which forty-five acres is conveyed. Such a description would be

altogether different from that appearing in this case. Under the description of appellee we have a conveyance of forty-five acres only; under the description here involved we have a conveyance of an eighty-acre tract, less the contents of the rights of way.

The difference is perfectly apparent and the rules of construction are entirely different, and we submit that it is not within the power of counsel to read the description as they would have it read, so as to make it void, but it must read as it appears on the assessment roll itself. In the second place, if it read as counsel would have it read and being void as they admit, it never could be made good by referring to other assessments and considering them all together as counsel contends could be done. It is unnecessary to cite numerous authorities from this and other courts holding that such a description, both in conveyances and tax assessments, is wholly void and cannot be aided by parol.

SMITH, C. J., delivered the opinion of the court.

This is a suit by the appellee to confirm the tax title held by him to certain land, which, unless the tax title is good, is owned by the appellee.

In 1909 Robert E. Burkett owned the West half of the North West quarter of section 23, Township 4, Range 13, West, less that part thereof included in the rights of way of several railroads which cross the land. Burkett executed a deed of trust thereon to Griffin to secure an indebtedness to him. Afterwards and prior to 1913, he sold a portion of the land to other parties, among them being his brother John B. Burkett, to whom he sold the land here in controversy. In 1913 the West half of the North West quarter of section 23, Township 4, Range 13, West, was assessed on the county assessment roll as follows:

Robert E. Burkett, West half of the Northwest quarter less
   railroad right of way, containing forty-five acres valued ..$ 450 00
Robert E. Burkett, part of the Southwest quarter of the North-
   west quarter, lying between G. & S. I. R. R. and N. O., M. &
   C. R. R., less part sold T. S. Jackson, 4 acres, valued. ....    50 00
Hattiesburg Wood Reduction Company part of the West half
   of the Northwest quarter, part of the Northwest quarter of
   the Northwest quarter, containing twelve acres, valued ....   600 00
John B. Burkett, part of the Northwest quarter of the North-
   west quarter, lying between M. C. and N. O., M. & C. R. R.,
   six acres, valued  ......................................    50 00
Tatum Lumber Company, fifty feet across West half of North-
   west quarter, two acres, valued  ........................    10 00
Tatum Lumber Company, fifty feet across Southwest quarter of
   the Northwest quarter, one acre valued  .................    10 00
Total acres assessed in the West half of the Northwest quarter,
   section 23, seventy acres

Total value assessed  .................................. $1,170 00
Total acreage in railroad rights of way, ten.

The deed of trust executed by Robert E. Burkett to
Griffin was foreclosed, and the land was purchased at
the sale by Griffin, who in December, 1914, conveyed it to
the appellant; the two Burketts joining with him in the
deed.

Before purchasing the land the appellant was advised
by Stokes V. Robertson, the attorney and agent for
Griffin and Robert E. Burkett, that the land was free
of all incumbrances, and that the taxes for 1914 had been
paid. Robertson, himself, as Griffin's agent, paid the
taxes due on the two assessments of the land to Robert
E. Burkett hereinbefore referred to. He was not aware
of the assessment of the six acres here in question to
John B. Burkett, and supposed that the assessment to
Robert E. Burkett covered all the land. The taxes based
on the assessment of the six acres here in question to
John B. Burkett not having been paid, the land was
sold thereunder by the tax collector, struck off to the
state, and afterwards sold by the state land commis-
sioner to the appellee; the deed from the land commis-

sioner to the appellee being that under which he claims and here seeks to have confirmed.

One of the appellant's contentions is that the sale to the state for taxes is void for the reason that all the taxes due on the land for 1914 were paid under the assessment thereof to Robert E. Burkett.

One of the appellee's contentions is that, when the several assessments of the land embraced in the West half of the North West quarter of the section here in question are taken into consideration, it is manifest therefrom that the first assessment thereof to Robert E. Burkett was not intended to include all of the West half of the North West quarter less the railroad rights of way, but only forty-five acres in the West half of the North West quarter, which assessment would be valid under sections 4283 and 4285, Code of 1906 (sections 6917 and 6919, Hemingway's Code).

The description of the land assessed to Robert E. Burkett is plain and unambiguous, and covers the whole of the West half of the North West quarter less the railroad right of way. It is true that the land included in this description is more than forty-five acres, but the error in the statement of the number of acres therein included is not material and can have no effect on the description thereof. This being true, what here occurred was simply that that part of the North West quarter of the North West quarter of section 4, between the M. C. and N. O., M. & C. R. R. here in controversy was assessed twice, but, having been paid on under one of the assessments thereof, could not be sold for taxes under the other. *Dodds* v. *Marx,* 63 Miss. 443.

The decree of the court will be reversed, and the bill dismissed.

*Reversed, and bill dismissed.*