## WATTS et al. v. MERIWETHER.

No. 27024.    Nov. 1, 1938.

Rehearing Denied Nov. 22, 1938.

Clyde J. Watts and Gordon Watts, for plaintiff in error Charles G. Watts.

W. O. Rittenhouse, for plaintiffs in error Calvin, Floyd, and Elam Rice.

W. R. Banker, Twyford & Smith, and William J. Crowe, for defendant in error.

HURST, J This is an action in ejectment and to quiet title by the holder of a certificate tax deed. Defendants Calvin, Elam, and Floyd Rice, in their answer, allege that plaintiff's tax deed is void and that plaintiff's cause of action is barred by the statute of limitations. Defendant Watts filed a separate answer and cross-petition alleging that plaintiff's tax deed is void, and that he held notes secured by a mortgage on the land involved, executed by defendants Calvin, Floyd, and Elam Rice, and prayed for personal judgment therefor and that said mortgage be foreclosed In both of the answers above referred to, the defendants averred that if the court should determine that the tax deed is voidable, but not void, then defendants, desiring to do equity, tender such sums of money as may be just and equitable and necessary under the laws of the state of Oklahoma. Default judgment was rendered against the other defendants not here named.

The cause was tried without a jury, and the court rendered judgment for plaintiff, awarding him possession of the land and quieting his title. The court also denied Watts any judgment against his codefendants, the Rices, on the notes or for foreclosure of his mortgage. The answering defendants appeal.

■ The first question to be determined is whether it was necessary for defendants to tender the taxes, penalties, interest, and costs before being permitted to defend against the tax deed, whether same be void, voidable, or valid. That such tender must be made is settled by the decision in Schulte v. Herndon (decided Oct. 18, 1938, 184 Okla. 77, 84 P.2d 607. The tender made by defendants in the instant case was based on the principles enunciated before the decision in Schulte v. Herndon, supra, when it was held that no tender is required where the tax deed is void. Under such circumstances it would be inequitable not to permit them to comply with the tender statutes and make their defense. Since plaintiff in his brief offers to accept such tender, if made, he is bound by this offer and there is no further need to consider the merits of the defense. However, should defendants fail to make the necessary tender, and their defense is dismissed therefor, under the rule laid down in Schulte v. Herndon, supra, if plaintiff's petition, which relies upon a tax deed valid on its face, states a good cause of action, judgment should be rendered for plaintiff for the relief to which he is entitled.

■ This brings us to the question of whether plaintiff's tax deed is valid. The validity of the tax deed is assailed by defendant Watts on the ground that the description of the land in the assessment roll was void, and by the other defendants, the Rices, on the ground that the description of the property in the tax deed itself is insufficient.

The property was sold for the failure to pay the taxes for the year 1925, and the description on the assessment roll for that year was as follows:

"NE¼ of Sec. 15-18-18, less Ry. Right of way, 111 acres."

The description in the tax deed is as follows:

"NE¼, less Ry, and 2 acres road, 15-18-18 "

The description in the other proceedings was the same as in the tax deed. The land in question constituted the homestead and surplus allotment of Eliza Bruner, predecessor in title to Calvin Rice, and the deeds conveying this allotment taken together covered the quarter section, less the railroad right of way, totaling 12 32 acres, and also the railway company's water reservation, totaling 30.58 acres. There is nothing in the record to show exactly how many acres this quarter section contained, but for the purposes of this opinion we may assume that it contained approximately 160 acres. The property thus excepted is, of course, not taxable to defendant. The assessment roll, it will be observed, excepts only "Ry right of way" and makes no specific mention of the water reservation, but designates the total number of acres assessed as 111. Likewise, the tax deed makes no specific mention of the water reservation, but excepts "Ry. and 2 acres road" without designating the total number of acres intended to be included.

We will first discuss the contentions advanced by defendant Watts in his attack upon the description on the assessment roll, which are distinct from those presented by the Rices in their attack upon the description in the deed.

(a) It is contended that since the water reservation belonging to the railway company was not excepted, the assessor includ-

ed it with the property belonging to defendant Calvin Rice, thus rendering the assessment void. Defendant relies on cases to the effect that an assessment including land of another, or an assessment including exempt property with taxable property, is wholly void. But we do not think the railway company's water right has been included in the assessment of defendant's property It is true that the water reservation is not specifically referred to, but the exception of the "Ry. right of way" is sufficient to include all the property belonging to the railway company The evidence shows that the property was listed by Calvin Rice as it appears on the assessment roll, he having signed the assessment list, and it must therefore be concluded that the exception referred to all of the property of the railway company which had never belonged to the Rices or their predecessors in title.

(b) The plaintiff has taken the position that the designation of "111 acres" was surplusage, and defendant Watts argues that if such is the case, it would appear that the designation of "Ry. right of way" does not include the water reservation and therefore the assessment has covered property not belonging to plaintiff. But the designation of the number of acres is not mere surplusage, by reason of the fact that section 12610, O. S. 1931 (68 Okla. St. Ann. sec. 54), provides that the description shall contain the "number of acres."

(c) But defendant Watts then argues that if the designation of "111 acres" is not surplusage, then the assessment is void because no 111-acre tract has been described, but rather there is merely a description of a smaller tract (111 acres) within the confines of a larger tract of 148 acres (computed by subtracting the 12.32 acre "right of way" from the quarter section). Defendant then points to cases holding that where an assessment describes land as being a "part of" a certain tract, such assessment is void for uncertainty. However, as above pointed out, not only the right of way of 12.32 acres but also the water reservation of 30.58 acres is excepted from the quarter section, which would render the larger tract 117.10 acres rather than 148 as contended. But defendant's argument might still be applied to this situation by the contention that there is merely a description of a smaller tract of 111 acres within the confines of a larger tract of 117.10 acres. However, the 111 acres is merely descriptive of the tract intended to be described by "NE¼, less Ry. right of way." The fact that it does not accurately describe the exact number of acres which actually does comprise the quarter section less the right of way is not fatal to the assessment. Cooley, Taxation (4th Ed.) sec. 117; Austin v. Sullivan (1924, Miss.) 100 So. 275. The number of acres is not conclusive. It is simply a nonconclusive factor of identification which may be taken into consideration in determining whether the description is sufficient. 61 C. J. 722, sec. 892.

This leads us to the question of the sufficiency of the description on the assessment roll as regards its certainty. The only material difference between the description on the assessment roll and that contained in the tax deed is that the tax deed excepts two acres road. Under our view of the matter, the exception of "Ry right of way" appearing on the assessment roll and "Ry" appearing in the tax deed both refer to all the property belonging to the railway company, and may therefore be considered identical. The property conveyed by the deed is of lesser area, by reason of the additional exception of the road, and there is no contention that it creates a variance. Therefore we shall consider together the question of the sufficiency of the description on the assessment roll and the description in the tax deed, in answer to the contention of both the defendant Watts and the Rices. Section 12610, O. S. 1931, supra, provides that the assessor shall keep a book known as a "land list," which shall contain "a description, sufficient for identification of any real estate belonging to said owner." The purpose of a description is not to identify the land, but to furnish means of identification. Herod v. Carter (1910, Kan.) 106 P. 32 A description is sufficient if it does not mislead, and identifies or designates, with reasonable certainty, the property intended to be taxed. 61 C. J. 714; Cooley, Taxation (4th Ed.) section 1475 et seq., 1479. There is nothing in the record tending to show that the defendant Calvin Rice was in any manner deceived or misled or prevented from paying his taxes by reason of the description of his property as carried on the assessment rolls of Wagoner county. On the contrary, the property appears to have been listed and described in the deed in substantially the same manner as it was described in the deeds under which defendants claimed title. We therefore conclude that the description itself, both on the assessment roll and in the deed, is not so indefinite or uncertain as to render the deed invalid. As above pointed out, the description specifies a certain quarter section and

excepts therefrom all the property of the railway company, including both its right of way and water reservation. However, the property of the railway company is not specifically identified in the description, so the test is: Although the description is not certain, is it capable of being made certain? See Medaris v. Tracy (1934) 170 Okla. 113, 39 P 2d 30.

Defendant Watts contends that parol evidence is not admissible to correct an insufficient and indefinite description. But this contention is based upon the assumption that the description itself is indefinite and insufficient, and we have held that it is not. The rule is that if the assessment roll or tax deed itself "contains a description which identifies and furnishes an unmistakable clue as to the land intended, parol evidence may be used to explain the description or apply it to its intended object; but if the description is insufficient and furnishes no clue, parol testimony is not admissible to supply the deficiency and show what property the assessor intended to assess." 61 C. J. 716. section 884; Best v. Wohlford (1904, Cal.) 78 P. 293; Morris v. Waldrop (1925, Ala.) 105 So. 172; Landry v. Bedou (1933, Miss.) 147 So. 298. Under this rule, parol evidence is here admissible.

But defendant contends that the record shows that there is no legal description of the water reservation on record in Wagoner county and there are no markers separating it from defendant's land, and that therefore the evidence discloses that the description is not capable of being made certain, and that it is impossible to tell whether defendant Calvin Rice was assessed on his own land or that belonging to the railway company. They point to the testimony of the county surveyor to the effect that he could not tell the location of the water reservation from the description on the tax deed itself. But the record shows that the county surveyor also testified that with the description and with the data available to him as county surveyor, which might be procured from the railway company and the office of the Superintendent of the Five Civilized Tribes and the United States Geological Survey, he could and did ascertain the land described. The record discloses that the trial court took the position that from the information available to the county surveyor, the description was capable of being made certain. Any competent evidence which is relevant to the issue may be considered. Best v. Wohlford, supra. It has been held

that a description is sufficient if it "contains such data as will enable a competent surveyor to locate the property with reasonable certainty either with or without the aid of extrinsic evidence." 61 C. J 714. For the reasons stated, we conclude that the tax deed in question is not invalid because of the insufficiency of the description on either the assessment roll or in the deed. We thus give effect to the liberal construction of tax sale proceedings enjoined upon us by sections 12760 and 12761, O. S. 1931 (68 Okla. St. Ann. sections 452 and 453).

The defendant Watts properly pleaded a claim for judgment against his codefendants, Calvin, Floyd, and Elam Rice, and his proof in support thereof was not controverted. Under these circumstances, it was error to deny him judgment.

The cause is therefore reversed and remanded with directions to the trial court to give defendants an opportunity to make the necessary tender and comply therewith. If such payment is made, plaintiff is bound thereby, and his petition should be dismissed. If such payment is not made, then the judgment of the trial court as it affects plaintiff is affirmed. As between Watts and his codefendants, Calvin, Floyd, and Elam Rice, the judgment is reversed, with directions to enter personal judgment in favor of Watts against his said codefendants for the amount shown to be due on the notes, and for foreclosure of the mortgage in the event the defendants comply with the tender statutes and thereby obtain title to the land.

OSBORN, C J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and DAVISON, JJ., concur. RILEY and GIBSON, JJ., absent.