CHAMBERLAIN et al. v. DAVIS.

No. 28855.   Sept. 15, 1942.

Rehearing Denied Nov. 17, 1942.

*130 P. 2d 848.*

E. S. Collier, of Taloga, for plaintiffs in error.

Ruble & Boatman, of Taloga, for defendant in error.

HURST, J. This is an action by O. H. Chamberlain, Pearl Weaver, and others against W. M. Davis to quiet title to 160 acres of land in Dewey county. The plaintiffs inherited the land from May Chamberlain and were the owners at the time it was sold for taxes. The defendant claims title under a resale tax deed issued pursuant to the resale held on April 20, 1936. He filed an answer and cross-petition asking that his title be quieted and for possession. From a judgment in favor of the defendant, the plaintiffs appeal.

The plaintiffs' attack upon the tax sale is based upon the contents of the resale notice, which, insofar as it is material, is at follows:

"Notice of resale of Real Estate for Delinquent Taxes.

"Notice is hereby given that under and by virtue of Section 9744 of the C. O. S. 1921, as amended by Chapter 158, Session Laws of 1923, as amended by Chapter 282 of the session laws of 1929, that the undersigned County Treasurer will offer for sale and sell to the highest bidder for cash the herein-

after-described real estate, on the 20th day of April, A. D. 1936, between the hours of nine o'clock A. M. and four o'clock P. M., and continuing from day to day between the same hours until sale is completed.

"Said sale to be held at the office of County Treasurer, in the Court House at Taloga, County of Dewey, State of Oklahoma.

"The following description of real estate were sold to Dewey County, for the years tax set opposite each description, and have not been redeemed for a period of at least two years prior to April 20, A. D. 1936.

"Vern Wakeman, County Treasurer.

"Property subject to resale Nov. 3, 1932.

Description
N W 4, 11, 18, 14.

Record Owner
Pearl Weaver.

Years
1932 to incl. 1935.

Amount
$245.67.

"Explanation: The first figures in description of land is number of section, second figures represents the township while the third is the range as Section 23, Twp. 17, Range 14. In the towns, the first number is for lot, the second is the block, as lot 1, block 12.

"Vern Wakeman Co. Treas."

The plaintiffs contend that the notice is defective in the following particulars: (1) The description is not sufficient and the notice does not recite that the land is in Dewey county; (2) the date of the original sale is not given; (3) the years for which taxes had been assessed are not given; and (4) the correct amount of taxes, interest, penalty, and costs is not given.

Before taking up these objections in detail, we will first consider the law pertaining to the resale notice. Section 12754, O. S. 1931, 68 O. S. A. 413, in force in 1936, but repealed by the 1939 Resale Act, directed that the resale notice as published "shall contain a description of the real estate to be sold, the name of the owner of said real estate as shown by the last tax rolls in the office of the county treasurer, the time and place of sale, and a statement of the date on which said real estate was sold to the county for delinquent taxes, and the year or years for which taxes have been assessed, and that the same has not been redeemed for a period of two (2) years from the date of sale and the amount of all delinquent taxes, costs, penalties, and interest accrued on the same . . ."

We are committed to the rule that that curative provisions of sections 12760 and 12761, O. S. 1931, 68 O. S. 1941 §§ 452, 453, apply to resale tax deeds and render immaterial mere irregularities in the contents of the notice. Swearingen v. McCartan, 186 Okla. 241, 96 P. 2d 1061; Henshaw v. Morris, 189 Okla. 603, 119 P. 2d 85.

Bearing in mind the foregoing statutory provisions and decisions, we now examine the contentions of the plaintiffs.

1. It is not contended that the land in question was not properly described on the tax rolls or in the notice of delinquent tax sale held in 1933. The argument is that the description in the resale notice, "N W 4, 11, 18, 14," along with the explanation at the end of the notice, does not sufficiently describe the land in question. We are unable to agree with this contention. We think the notice as a whole must be looked to in order to determine the sufficiency of the description. Pearl Weaver is listed as the record owner. She is the record owner of the largest interest, and is one of the plaintiffs in this case. The explanation shows that the figure "11" refers to the section, the figure "18" to the township, and the figure "14" to the range. The petition recites, and we judicially know, that township 18, range 14, is in Dewey county.

It will be observed that the statute, above, which requires that the resale notice contain "a description of the real

estate to be sold," is very general. The purpose of such a statute is twofold, (1) to warn the owner that his property is to be sold so that he can prevent the sale by paying his taxes, and (2) to advise prospective purchasers so that they can investigate the property and determine whether they want to bid. Under such a statute, the description will be held sufficient if it be such as to enable both the owner and the prospective purchaser to identify and locate with substantial certainty the land to be sold, and it need not be so detailed as to point out the exact boundaries so that a stranger unacquainted with the locality and the neighbors could find it without inquiry, but the designation must not be so confusing as to be calculated to mislead a person of average intelligence. See 26 R. C. L. 407; 61 C. J. 1183; 67 A. L. R. 890, annotation; Cooley Taxation (4th Ed.) §§ 1175, 1416; Watts v. Meriwether, 184 Okla. 32, 84 P. 2d 643.

We find no merit in the contention that the notice does not specifically recite that the land is in Dewey county. The notice recites that the land had been sold to Dewey county, was to be sold at a resale in Dewey county, and was to be sold by the county treasurer of Dewey county. As stated above, the plaintiffs alleged, and we judicially know, that township 18, range 14, is in Dewey county. Only lands in Dewey county are subject to taxation and sale for delinquent taxes there. Leigh v. Green, 64 Neb. 533, 90 N. W. 255, 101 Am. St. R. 592. See Medaris v. Tracey, 170 Okla. 113, 39 P. 2d 30.

We conclude that the description in the notice in question was sufficient to warn the plaintiffs and to advise prospective purchasers that the land involved in this case was about to be sold for taxes.

2. While the date of the original sale is not given, yet it is recited that the property was being sold to satisfy the taxes from 1932 to 1935, both inclusive. Under the statute, it was the duty of the treasurer to sell the land in November, 1933, for the 1932 taxes. The notice recites that the land had not been redeemed for a period of at least two years. The clear inference is that the property had been sold to Dewey county more than two years prior to the date of the resale. Under the curative provisions of section 12760, and 12761, above, the failure to recite the exact time of the original sale does not render the notice of resale invalid. Henshaw v. Morris, above.

3. The notice recites that the property is to be sold for the taxes for four years, 1932 to 1935, inclusive. It appears that the 1933 taxes were paid and the treasurer was in error in reciting that the property was to be sold for the taxes for that year, but the error is immaterial for the reasons stated under the second proposition.

4. Finally it is contended that the amount stated in the notice was not the correct amount of taxes due. But the resale deed sets out the amount of taxes due for each of the years 1932, 1934, and 1935, and they aggregate $245.67, the amount stated in the notice. The taxes for 1933 are not included in said amount. It is not necessary to decide whether, if there had been an error in the amount stated in the notice, such error would have rendered the sale void or voidable, and we intimate no opinion on that question.

The notice under consideration is not well drawn. The failure of county treasurers to carefully comply with the statutory directions in connection with the preparation of tax sale proceedings and notices is a fruitful source of litigation, but, under the plain provisions of sections 12760 and 12761, above, such irregularities as are present in the notice in the instant case are not sufficient to defeat the title of the purchaser.

Judgment affirmed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent. CORN, V. C. J., not participating.