SCHUMAN et al. v. MOSES et al.

No. 29144. Feb. 21, 1944.

*146 P. 2d 290.*

Fred W. Martin, of Wagoner, for plaintiffs in error.

Meachem, Meachem & Meachem, of Clinton, for defendant in error C. C Thornton.

DAVISON, J. This is an action to quiet title. It was instituted on July 3, 1937, in the district court of Dewey county by J. J. Schuman and C. Plant, as plaintiffs, against Shird Nuten Moses and other named defendants.

Plaintiffs asserted ownership and possession under a commissioners' deed based upon a prior tax resale of a number of tracts of land situated in Dewey county, including:

"The Northwest Quarter (N.W.¼) (less an unidentified 7 acres) of section Twenty Two (22) Township Seventeen North (17N.) Range Twenty West (R. 20W.)"

—and averred that the defendants were asserting inferior claims which constituted clouds upon their title. A judgment quieting title was sought.

Some time after the institution of the action, C. C. Thornton, who claims own-

ership and posession of the above property under a chain of title originating in the patent from the United States Government, was permitted to intervene and challenge the validity of plaintiffs' asserted tax title. The invalidity of the tax title was asserted by intervener on the theory (as stated in the answer) that:

(a) The published notice of said resale described this property as "N W 4 Less 7 acres 22 17 20."

(b) The notice of delinquent tax sale, upon which tax sale in said resale was based, describes this property as "Northwest Quarter Less 7 acres of Section 22, Township 17, Range 20."

In his answer intervener tendered and offered to pay the "taxes, interest, penalties and costs of sale of said land."

Intervener also presented a cross-petition in which he sought to quiet title against the claim of the plaintiffs.

The cause was tried to the court without the intervention of a jury and resulted in a judgment for the intervener, from which the plaintiffs appeal, appearing herein as plaintiffs in error. We shall continue to refer to the parties by their trial court designation.

The proof introduced on the trial of the case disclosed that in November of 1931 the land was sold to the county at original tax sale for delinquent taxes. In the notice preceding such sale the description was: "NW¼ less 7 acres 22 17 20." Thereafter, in April of 1936, the land was sold to the county at resale. In the published notice preceding the resale the land was described as "NW 4 Less 7 acres 22 17 20." In the resale tax deed the description was: "NW¼ less 7 acres sec. 22, 17 20."

Thereafter the county sold whatever title it may have acquired under the resale deed to C. Plant, plaintiff herein, and on September 14, 1936, the chairman of its board of county commissioners executed and acknowledged and delivered to the purchaser a commissioners' deed in which the property was described as: "NW¼ less 7 acres, Sec.

22 Twp. 17 Range 20." None of the notices or instruments purport to identify the seven acres which are excluded from sale. Nor does such identification of excluded acreage appear of record in the assessor's office, where the description corresponds to that contained in the notices.

In the trial of the cause it was established by the records of the county clerk that, in 1911, the then owner of the land in question conveyed a portion of the quarter section of land to a railway company, describing the portion conveyed by metes and bounds. In 1912 the railway company conveyed back to the landowner all of the land which it had not fenced for right-of-way purposes. It was recited in the deed to the railway company that the land thus conveyed constituted 6.89 acres, but the amount reconveyed was not indicated in the subsequent deed. It is possible that the seven acres excluded from the description comprehended the land owned by the railway company for right-of-way purposes. However, this identification is merely conjecture, since the only suggestion in the tax sale proceedings is the exclusion of an amount of land from the tax sale approximately equaling the land originally conveyed to the railway company.

Apparently the basis upon which the trial court declared the resale tax deed void and held the county had no title to convey was the inadequacy and indefiniteness of the description as contained in the notice and deeds.

In presenting the case on review the plaintiffs assert fundamental error in the trial court's view under the following proposition:

"A resale tax deed otherwise valid is not rendered invalid because a publication notice described property as 'Nw 4 less 7 acres 22 17 20,' and resale tax deed otherwise valid is not rendered invalid because the notice of the delinquent tax sale described the property as 'NW less 7 acres of Section 22, Township 17, Range 20.' "

The purposes of a notice of tax sale are to warn the property owner and to furnish information to prospective bidders. Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848.

The test for determining the sufficiency of a description in a tax sale proceeding was announced by this court in Watts v. Meriwether, 184 Okla. 32, 84 P. 2d 643, wherein we said:

". . . The rule is that if the assessment roll or tax deed itself 'contains a description which identifies and furnishes an unmistakable clue as to the land intended, parol evidence may be used to explain the description or apply it to its intended object; but if the description is insufficient and furnishes no clue, parol testimony is not admissible to supply the deficiency and show what property the assessor intended to assess.' "

In the proceedings before us in the Meriwether Case, the excepted land was described as "less ry right of way" and as "less ry." We held that the use of this language furnished an unmistakable clue within the description used in the tax sale proceedings as to the identity of the land intended to be excluded and was sufficient to comprehend all property owned by the railway company within the designated quarter section of land. We carefully pointed out that it was the use of the words "less ry right of way" which furnished the clue on the face of the tax proceedings as to the identity of the land excluded, and made the introduction of evidence to more particularly identify the land possible. Here we have no such clue. Thus resort to extrinsic evidence was inadmissible to ascertain what seven acres was intended to have been excluded from the sale. The description under the test announced by us in the Meriwether Case was therefore entirely inadequate.

Other authorities supporting this view either directly or by analogy: Meneice v. Blackstone Mining Co., 63 Idaho 413, 121 P. 450, and authorities therein cited; Kees et al. v. Louisiana Central Lumber Co. et al., 183 La. 111, 162 So. 817; Miller & Sons v. Daniels et al., 47 Wash.

411, 92 P. 268; Jarrell v. McRainey, 65 Fla. 141, 61 So. 240; Alleman v. Hammond, 209 Ill. 70, 70 N. E. 661; Smith v. Highland Mary Mining, Milling & Power Co., 82 Colo. 288, 259 P. 1025; Cooley on Taxation (4th Ed.) vol. 3, sec. 1479.

The failure of the notice of sale of land for taxes to contain a correct description of the land to be sold is a fatal defect. Terwilleger v. Bridges, 192 Okla. 642, 138 P. 2d 79. In that case the doctrine of our prior decision, Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263, was applied to such a defect. See, also, Johnson v. High, 193 Okla. 105, 141 P. 2d 583.

When such a defect exists in the notice of sale, the land has not been "duly advertised" for sale, Terwilleger v. Bridges, supra; and the failure to duly advertise is not such a defect as is cured by the provisions of 68 O. S. 1941 § 452. Welborn v. Whitney, supra.

Since the deed herein involved was executed before the effective date of 68 O. S. 1941 § 432h, the curative effect of that section of the statute as recently considered by this court in the case of Bramble et al. v. Caywood, 193 Okla. 668, 146 P. 2d 587, is not a proper subject of consideration.

It follows from what we have said that the tax deed now before us is void.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, and ARNOLD, JJ., concur. BAYLESS, WELCH, and HURST, JJ., dissent.