STEWART v. MARTIN et al.

No. 30991. March 7, 1944.

*146 P. 2d 836.*

Stephenson & Stephenson, of Okemah, for plaintiff in error.

James C. Wright and Glenn R. Watson, both of Okemah, for defendants in error.

WELCH, J. This action was brought by the plaintiff to cancel resale tax deed executed to defendant J. N. Maloy covering 80 acres in Okfuskee county. The defendants claim valid title under said resale tax deed and sought judgment quieting title against plaintiff.

On appeal plaintiff contends that the trial court judgment for defendants was contrary to law and erroneous.

Plaintiff asserts that the resale tax deed was invalid for lack of sufficient description of the land in the notice of tax resale.

The land involved is the northwest quarter of the northeast quarter of section 34, township 13 north, range 10 east, and the southwest quarter of the northeast quarter of section 34, township 13 north, range 10 east. The two tracts separately described were separately sold. The first tract was described in the notice of resale as "NW NE 34-13-10." The second tract was described as the "SW NE 34-13-10." The question presented by this contention is whether the published descriptions were sufficient.

The general purpose of describing real estate to be sold is discussed in former decisions. See Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848.

We take it as a matter of common knowledge throughout the state that in the published descriptions above set out the first figure "34" represented the section number, the second figure "13" represented the township number, and the third figure "10" represented the range number in keeping with the survey existing throughout the state. It is a matter of definite knowledge that Okfuskee county is so far north and east of the initial point of survey or township and range division point that the township figure "13" could only refer to township 13 *North,* and the range figure "10" could only refer to range 10 *East.* We therefore conclude that the above descriptions published in the notice of tax resale did sufficiently refer to and describe the first above-described real estate here involved, and that such notice as published could not have referred to or described any other real estate, and could not have been misleading to any reader or to the plaintiff. On that point, therefore, there is no invalidity in the resale or the resale deed here under attack. Our conclusion in this regard is supported by our former decisions in Chamberlain v. Davis, supra, and Johnson v. Williams, 192 Okla. 163, 134 P. 2d 584. In each of these cases the notice contained a general explanatory note as to the use of the numerals representing section, township, and range, but we think that is not of controlling importance and that the same result should be reached here as to sufficiency of the notice, since the survey and customary use of such numerals to denote section, township, and range has existed in the state for so many years.

As additional grounds of error the plaintiff asserts that she had paid the taxes for one of the years for which the land was sold at resale. Plaintiff asserts as another ground of error that the first tract of real estate above described was sold at the resale for a sum less than the minimum amount required and authorized by law.

On both these points the trial court found against the plaintiff on the facts. That is, the trial court found that the land was not sold for any year in which or for which the taxes were paid, and the trial court found that the tract involved was sold at the resale for the full amount of taxes, penalty, and interest, and not for a sum less than that total, as plaintiff contends.

We deem it unnecessary to deal at length with the fact details involved, since the finding of the trial court in

favor of defendants on both points is fully supported by the evidence and not in any sense contrary to or against the weight of the evidence.

Finding no error in the findings or the judgment of the trial court, the judgment there is affirmed.

GIBSON, V.C.J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.