## FRATES v. WHITSON.

No. 30456. Jan. 9, 1945.

Rehearing Denied Feb. 6, 1945.

*155 P. 2d 536.*

Geo. C. Beidleman, Henry M. Beidleman, and Robert R. Beidleman, all of Okmulgee, for plaintiff in error.

John Caruthers, of Okmulgee, for defendant in error.

DAVISON, J. This is an action to set aside a county commissioners' deed. It was instituted in the superior court of Okmulgee county by Joe A. Frates, Jr., sole surviving officer (secretary-treasurer) and director of the Oklahoma Southwestern Railway Company, a corporation, against J. J. Whitson as purchaser and present asserted owner.

The authority of Frates to institute the action is challenged. The authority arises under 18 O. S. 1941 § 163. Riedell v. Stuart, 151 Okla. 266, 2 P. 2d 929; Southern Surety Co. of New York v. Maney, 190 Okla. 129, 121 P. 2d 295.

The property involved consisted of three tracts in section 33, township 14 north, and range 11 east, in Okmulgee county. The tracts joined end to end and formed the railway right of way.

The railway company ceased to operate in 1930 with the approval of the State Corporation Commission and the Interstate Commerce Commission. The county officers sought to ascertain the assessed valuation of the property. They were informed that the property should be assessed as real estate. Such assessment was made. Several years later the property was sold for delinquent taxes. The county was the purchaser but the deed to it was void. Thereafter Whitson purchased the property from the board of county commissioners and received from the chairman of that board a deed which described the property as:

" 21.61 acres S½ NE¼ and NE SE¼ and N½ NW¼ and SE¼ NW¼

Sec. 33, Twp. 14, Rng. 11, in the County of Okmulgee, State of Oklahoma."

Thereafter and during the pendency of this action Whitson obtained a corrected deed wherein the property was described as:

"21.61 acres S½ NE¼ and NE¼ SE¼ and N½ NW¼ and SE¼ NW¼ Sec. 33 Twp. 14, Rng. 11, the same being the railroad right-of-way of the Oklahoma-Southwestern Railway Company, now of record in the County Clerk's office of Okmulgee county."

A tax purchaser who has received a defective or inadequate deed may return to the officer who issued it for another and thereafter continue to return until a good deed has been secured, which good deed relates back to the date of the tax sale and is so treated (Taylor v. Trow, 191 Okla. 485, 131 P. 2d 79) unless the tax sale proceedings were so deficient as to make a good deed inappropriate. Miller v. Noble, 59 Okla. 29, 157 P. 740; Gilbert v. Conservative Loan & Trust Co., 138 Okla. 1, 280 P. 278; Stout v. Mastin, 139 U. S. 151, 35 L. Ed. 121.

The question then is: Did the sale proceedings which preceded the deed to Whitson authorize and support the amended deed which was issued? This question requires an inspection of the tax sale proceedings.

All of the land attempted to be sold belonged to the railway company. The land and incidental property thereon was assessed as the property of the company until in 1930 it ceased to do business as a public service corporation. Thereafter it was assessed as real estate.

In the resale deed which the county received at the close of the resale and in the proceedings to secure a deed from the county commissioners the land was described as:

"21.61 Acres S½ NE¼ and NE¼ SE¼ and N½ NW¼ SE¼ NW¼ Sec. 33, Twp. 14 Rng. 11, in the County of Okmulgee, State of Oklahoma."

The difficulty with this description is that it fails to say whose land was being sold. 125 acres were described by government survey. 21.61 acres were offered for sale and sold. Which and whose 21.61 acres was it? The particular 21.61 acres of land was not sufficiently described.

Since the county did not get a good deed, it could not execute one. Watts v. Meriwether, 184 Okla. 32, 84 P. 2d 643; Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848; Schuman v. Moses, 193 Okla. 634, 146 P. 2d 290. The commissioners' deed herein presented was defective. The county had not acquired title and could not transfer the same.

In Schuman v. Moses, supra, we held a deed void where an attempt was made to convey a quarter section of land less an unidentified seven acres.

The defendant in error invokes as applicable the short (one year) statute of limitations. Section 7, art. 31, ch. 66, 1939 Session Laws. That statute is not applicable in this action. The resale deed to the county was void. The action was commenced less than one year after the first or original county commissioners' deed was executed. The county commissioners' deed was executed December 26, 1939. This action was commenced December 11, 1940. Ewart v. Boettcher, 174 Okla. 460, 50 P. 2d 676; Cunningham v. Webber, 171 Okla. 211, 42 P. 2d 244.

The cause is reversed, with directions to enter judgment in accord with the views herein expressed when plaintiff in error has fully complied with the tender statutes.

Reversed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. HURST, V.C.J., and CORN, J., dissent.