Woeley, Judge,
delivered the opinion of the court:
• This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner’s rejection of claims 2, 3, 5, 6, 15, and 16 of appellant’s application for a patent on improvements in the manufacture of shoes, and rejecting claims 13, 14, and 17 of the application on a ground not employed by the examiner.
Claims 2, 5, and 17 are typical of the rejected claims and read:
2. A shoe construction comprising, in combination, a welted shoe upper, and ■an outsole secured to the welt of said upper, said shoe upper having a shoe bottom including an unribbed insole, a welt overlying the marginal portion of said shoe bottom in uniform relation to the edge of the shoe upper, and an adhesive selected from the group consisting of polymerized chloroprene, and 'butadiene-acrylonitrile copolymer associated with a toughening agent for said ■copolymer, disposed between said marginal portion of the shoe bottom and said welt and adhesively securing them together.
5. A welted shoe upper, to which an outsole later may be attached, compris-ang, in combination, an upper having a shoe bottom, including an unribbed insole, *941 a welt overlying tlie marginal portion of said shoe bottom in uniform relation to the edge of the shoe upper, and an adhesive selected from the group consisting of polymerized chloroprene, and butadiene-acrylonitrile copolymer associated with a toughening agent for said copolymer, disposed between said shoe bottom and said welt and adhesively securing them together.
17. The method of securing welting to a shoe upper prior to attaching an outsole, which comprises providing a shoe upper having a shoe bottom including an unribbed insole, providing a strip of welting, and pressing said welting with pressure-sensitive adhesive to the marginal portion of said shoe bottom in uniform relation to the edge of the shoe upper.
The references relied on are:
Goddu, 1,986,723, January 1, 1935.
Hadaway, 2,139,746, December 13, 1938.
Teppema et al., 2,367,629, January 16, 1945.
Appellant’s application discloses a shoe and a method of making it in which a shoe upper is lasted over a flat insole. The overlasted margin of the upper has a roughened surface to which has been applied a coating of a pressure-sensitive adhesive such as polymerized chloroprene or butadiene-acrylonitrile copolymer, associated with a toughening agent. The roughened portion of a strip of leather welting, similarly coated with adhesive is progressively applied to and pressed against the marginal portion of the upper, so that the two are firmly bonded together. An outsole may be attached to the welted upper in any suitable manner as by stitching.
The Goddu patent discloses a method of manufacturing a shoe in which the upper is lasted over a flat insole, the overlasted marginal portion of the upper being roughened and coated with pyroxylin cement and allowed to dry. A welt strip, having both its upper and lower surfaces similarly roughened and coated with cement, is secured to the marginal portion of the upper by stitching, and a sole having its marginal lower surface coated with cement is placed over the welted insole. The various cement coatings are activated by applying solvent and pressure is applied to press the sole against the welt and insole, and also to press the welt against the overlasted portion of the upper, thus securing the various parts together. The cementing of the welt to the upper is described as optional.
The Hadaway patent discloses a method in which a welt strip is first secured around the margin of a shoe sole by cementing, and the marginal portion of an upper which is overlasted on an insole is attached to the welt by cementing. The surfaces to be joined by cementing are roughened before the cement is applied, and the cement used may be either pyroxylin or a pressure-sensitive polymerized chloroprene.
The Teppema et al. patent describes a pressure-sensitive adhesive *942 comprising butadiene-acrylonitrile copolymer and a toughening agent, which is said to be particularly adapted for securing leather and shoe parts.
Claims 2,3, and 15 were rejected on Hadaway in view of Teppema, the latter cited to show the specific adhesive recited in claims 2 and 3. It is clear that Teppema shows an adhesive satisfying those claims, and that there would be no invention in substituting it for the equivalent adhesive of Hadaway.
It is appellant’s contention that Hadaway discloses a welted out-sole and a shoe upper attached to the welt, rather than a welted upper and an outsole attached to the welt as required by claims 2, 3, and 15. Those claims, however, are not drawn to a method of making a shoe, but to the complete shoe. Both appellant and Hadaway disclose shoes in which the welt is cemented to both the upper and the outsole. We agree with the board that if Hadaway’s shoe is properly made it would be impossible to tell whether the welt had been initially attached to the upper or to the outsole. Claims 2, 3, and 15, therefore, do not define a shoe differing in any patentable respect from that disclosed by Hadaway, in view of Teppema, and were properly rejected for that reason.
The Goddu patent was the basic reference on which the board relied in rejecting the remainder of the claims, that patent being interpreted by the board as disclosing a method of making a shoe in which the welt is attached to the upper by cement alone. Appellant contends that Goddu discloses the use of cement only as an auxiliary means of securing a welt which has already been stitched to the upper. We find it unnecessary to decide as to which of those interpretations is correct since, for the reasons which follow, we are of the opinion that claims 5, 6, 13, 14, 16, and 17 are of such scope as to be unpatentable over Goddu in view of Teppema, even if, as asserted by appellant, Goddu does not disclose the attachment of the welt to the upper by means of cementing without stitching.
Claims 5, 6, and 16, all drawn to a welted shoe upper, were rejected on Goddu on the ground that it would not require invention to substitute the unribbed insole of Hadaway for the ribbed insole of Goddu, or to substitute the pressure-sensitive adhesive of Teppema or the adhesive compositions used by Goddu. We agree that the suggested substitutions would not involve invention because the selection of a particular adhesive is merely a matter of choice. Teppema’s adhesive is said to be particularly adapted for securing shoe parts, and would naturally be used to replace earlier types of adhesives used for that purpose in processes such as that of Goddu. The broad statement that the insole is “unribbed” does not confer patentability on claims directed *943 to the welted shoe upper, since there is nothing to show that the omission of a rib, in and of itself, results in an improved product. Moreover, Hadaway shows an unribbed inner sole adhesively secured to a welt.
The statement in claims 5 and 6 that an outsole “later may be attached” to the welted upper does not define structure, but is merely a functional recitation relating to a method of shoe making. Such a limitation cannot confer patentability on a claim to a structure. In re Stattmann, 32 C. C. P. A. (Patents) 813, 146 P. 2d 290, 64 USPQ 245.
Assuming that Goddu’s welt is secured to the insole by stitching, as well as by an adhesive, that is not material so far as claims 5, 6, and 16 are concerned, since those claims are not limited to a construction in which the adhesive serves as the only securing means. Moreover, the omission of Goddu’s stitching with a corresponding omission of function would not produce a patentably different article. That is especially true in view of Hadaway’s use of cement as the sole means of attaching the welt to the upper.
In our opinion the board correctly held that claims 5, 6, and 16 fail to point out any structure involving patentable novelty over the references on which they were rejected.
Claims 13, 14, and 17 are directed to a method of securing welting to a shoe upper prior to attachment of an outsole, which comprises providing the welting in the form of a strip and attaching it to the marginal portion of the bottom of a shoe upper by pressing the two together with a pressure-sensitive adhesive between them. Those claims were held by the board to be unpatentable over the Goddu patent which, in the opinion of the board, discloses the manipulative steps set forth in the claims. As above noted, however, when Goddu uses an adhesive between the upper and the welt he secures those two at the time when the outsole is applied instead of prior thereto as required by claims 13, 14, and 17. Notwithstanding that difference, we are of the opinion that claims 13,14, and 17 do not define methods differing patentably from that of Goddu. The references in those claims to the particular adhesive or type of adhesive used are not important, since the selection of an adhesive is a matter of choice and it would be obvious to substitute a pressure-sensitive adhesive such as that of Teppema for the adhesive employed by Goddu.
The statement in claims 13, 14 and 17 that the welt is cemented to the upper before the outsole is attached does not constitute a patentable limitation. Goddu evidently considers it desirable to perform those operations at the same time, but there would be no invention in *944 cementing tlie upper to the welt prior to attachment of the outsole if desired.
. It is to be noted that there is nothing in claims 13, 14, and 17 to preclude the use of stitching as well as cementing to hold the welt to the upper, and, accordingly, the fact that Goddu may employ such stitching is immaterial.
Claim 17 contains a statement that the shoe bottom includes an un-ribbed insole, but we agree with the board that the omission of the Goddu insole rib and its function would not be a matter of invention so far as the process of claim 17 is concerned.
The decision of the Board of Appeals is affl.rmed.
O’Connell, J., was present at the hearing of this appeal, but, because of illness, did not participate in the decision.
Jackson, J., retired, recalled to participate was present at the hearing of this appeal but did not participate in the decision.