Hon. DAVID NOGGLE, Chief Justice.
Hon. MILTON KELLY, }
Hon. JOHN R. LEWIS, } Justices.

---

## G. W. QUIVEY, Appellant, v. J. N. LAWRENCE, Respondent.

IMPROVEMENTS—PUBLIC LANDS—TAXATION.—Improvements upon public lands, as also the possessory right thereto, are taxable.

ASSESSMENT—TAXATION—PUBLIC LANDS.—The assessment of land is a prerequisite which can not be dispensed with. It is the basis upon which all subsequent proceedings rest. For the purpose of defeating a tax deed, evidence may be given that the land was not assessed, or that it is public land.

TAX SALE.—If the improvements on land be assessed and taxed, a sale of the land for such tax is void.

APPEAL from the second judicial district, Ada county.

*Miller & Brumback*, for the appellant.

*H. E. Prickett and E. J. Curtis*, for the respondent.

Opinion by LEWIS, J., NOGGLE, C. J., concurring.

This is an action brought by the plaintiff, who claims to

be the owner in fee of certain real estate in Boise City, to recover the same. The case was tried by the court below without the intervention of a jury, and judgment was rendered against the plaintiff for costs. Plaintiff appeals. On the trial the plaintiff offered in evidence a deed from the tax collector of Ada county, of date July 2, 1867, reciting, among others, the following facts: That the owners of the following described lots, piece and parcel of lots, failed and neglected to pay the taxes thereon for 1866; that notice was duly published that he would, on the seventeenth of December, 1866, at the court-house door, in Boise City, sell said lands and real estate; that the sale was adjourned from day to day, and on the twenty-ninth of December, 1866, he did sell the following described piece or parcel of land to the plaintiff for the sum of eighteen dollars and five cents, to wit: Lots Nos. two (2) and three (3) in block thirty-three (33) in Boise City. That no redemption has been made.

The defendant sets up in his answer that one John McLellan is the owner as against all persons save the United States, and that defendant occupies premises as the lessee of McLellan. The defense offered in evidence page 35 of the assessment roll of Ada county for 1866, on which page, in the column and under the heading "Description of Real Property," is assessed: " One house and fence on lots numbers two (2) and three (3), in block thirty-three (33), in Boise City, and in the following column under the heading " Cash Value," the figures 500. The defense also proved that the lots in controversy were on the lands of the United States.

The plaintiff assigns for errors of law, the admissions as testimony in the case, page 35 of the assessment roll, and the conclusions of law derived by the court from the findings of facts.

The court found the following as the facts in the case:

1. That the plaintiff claims title and the right to the possession of the premises mentioned in the complaint by virtue of a tax deed from the tax collector of Ada county, of date July 2, 1867, which said deed purports to be based upon a sale of said premises and real estate for delinquent

taxes alleged to have been assessed against the property for the year 1866.

2. That the property mentioned and described in said deed was not assessed in the year 1866, but that the assessment relied on to support the deed was made upon the house and fence upon said real estate, and not the real estate itself.

3. That such assessment does not place any value in dollars and cents, or otherwise, upon said property.

As conclusions of law the court finds: 1. That the assessment is void. 2. That the tax collector had no right to sell said property. 3. That plaintiff acquired no title or right of possession of the premises, and that he is not entitled to take anything by his suit, but that defendant is entitled to judgment for costs.

There is also an additional fact shown to the court on the trial, to wit: that the land mentioned in the tax deed is the property of the United States.

It is claimed by the plaintiff that the court erred in the admission of the assessment roll of 1866 in evidence, for the reason that, under the provisions of the revenue law, second session, section 42, "any deed derived from a sale of real estate, under the provisions of this act, shall be conclusive evidence of title—except as against actual frauds, or prepayment of the taxes upon which such sale was made." Section 4 of the statute provides that "all lands, belonging to the United States, shall be exempt from taxation." By section 3, every tax levied under the provisions of the act is made a lien against the property assessed. By section 31 the tax collector is required, on the second Monday in November each year, to enter on the duplicate assessment roll a statement that he has made a levy upon all the property therein assessed, the taxes upon which have not been paid; and he shall also proceed to make out and file with the auditor a list of all persons and property then owing taxes, said list to be known as the delinquent list. By section 34 the tax collector is on the third Monday in November required to post notices stating that, at the expiration of twenty-one days, he will

to sell the property belonging to the delinquent taxpayers, for the payment of the taxes due thereon. And it is made his duty to keep such delinquent tax list open for public inspection during office hours. By section 40 said delinquent list, a copy thereof, certified, shall be *prima facie* evidence in any court to prove the assessment, the property assessed, the delinquency, the amount of taxes due and unpaid, and that all the forms of law relative to the assessment and levy of the taxes have been complied with.

We do not think that under the provisions of this statute the defendant is precluded from showing, either that the lands were exempt from taxation, or that in fact the lands had not been assessed for the year 1866, for the taxes of which they have been sold. In order that lands may be sold for taxes, they must be subject to taxation and duly assessed. Of this there can be no doubt. Section 6 of the organic act provides that no tax shall be imposed on the lands of the United States; the statute exempts the lands of the United States from taxation. It can not be intended that the legislature sought to prevent this fact from being shown: hence we conclude that, it being shown that the lands described in the deed were lands of the United States, the sale was a mere nullity.

Again: In Blackwell on Tax Titles, page 106, the rule as to the assessment of property is thus stated: "A listing and valuation of the lands is a prerequisite which can not, under any circumstances, be dispensed with. It is the basis upon which all the subsequent proceedings rest."

It is upon this rule that our statute is based, for by the provisions of the act above referred to there can be no lien for taxes on the land, except the land be assessed. There can be no levy upon the lands, unless they be described in the assessment roll. The delinquent list is taken from the assessment roll, and no property can be sold except it be found in the delinquent list: hence the basis of the whole proceedings is the assessment roll. The delinquent list is *prima facie* evidence that all these things have been done, but the owner is not, and can not be, precluded from show-

ing that in fact his lands were not assessed or taxed, and hence nothing being due thereon, the sale is void.

The reason of the law requiring an assessment roll with a description of the lands of each person thereon is, that the owner may examine the roll in the proper office and know whether his property be taxed, that he may pay it, and prevent a delinquency. And we think, for the same reason, the law requires that this list be kept open for inspection, to wit, that the owner may examine the delinquent list, and if his property be thereon found described, he may pay the tax and prevent the sale. And in no case can lands be sold for taxes, unless they be assessed, and they must be sold by the same description as that given in the roll and delinquent list. The "house and fence" upon the lots in question being only assessed, and not the lots, the sale was void; and the plaintiff took nothing by his deed. We may state that the assessment of the "house and fence," being improvements upon the lots, is not, in our opinion, void. It is well settled that improvements upon public lands, as also the claim to or the possessory right thereto, is taxable.

The judgment of the district court is affirmed.