MACKALL *v.* CHESAPEAKE AND OHIO CANAL COMPANY.

1. The canal and other works of the Chesapeake and Ohio Canal Company, situate in the District of Columbia, having, by an act of Congress of March 3, 1825 (4 Stat. 101), been exempted from taxation, a sale in 1864 of any part thereof, on account of taxes alleged to be due thereon, was void.

2. The question of the company's forfeiture of their right to hold, free from taxation, property after they ceased to use it for canal purposes, can be judicially determined only in a direct proceeding by the public authorities. It cannot be made an issue for the first time in the trial of a question of private right between other parties.

ERROR to the Supreme Court of the District of Columbia.

This was an action of ejectment for a part of Square No. 3, in the city of Washington. The Chesapeake and Ohio Canal Company, plaintiff below, proved a complete paper title to the land, and a continuous occupation of it for thirty years prior to 1867. The defendant entered that year.

Proof was made of an act of the legislature of Virginia, approved Jan. 27, 1824, entitled " An Act incorporating the Chesapeake and Ohio Canal Company," the ninth section of which provides, " That for and in consideration of the expenses, the said stockholders will be at . . . the said canal and all other works aforesaid, &c., shall be vested, &c., and be for ever exempt from the payment of any tax, imposition, or assessment whatsoever;" and also of an act of Congress approved March 3, 1825 (4 Stat. 101).

It appeared from the proof that the land in dispute had not been used for canal purposes since the year 1830, but had been leased or rented to various parties. The defendant below thereupon offered to show that it had been regularly listed and entered for taxation, and sold in 1864 for the non-payment of taxes assessed against it; and that he was in possession, claiming under a deed from the authorities of the District pursuant to such sale. The court excluded the evidence.

The jury found a verdict for the plaintiff, and a judgment was rendered thereon. The defendant then sued out this writ, and assigns for error the action of the court below in excluding the evidence offered by him.

*Mr. C. Ingle*, and *Mr. S. Shellabarger*, for the plaintiff in error.

Statutes conferring powers upon companies, or exempting property from taxation, are to be construed strictly as in derogation of common right.

The act of Virginia did not enlarge the capacity of the company to take and hold real property beyond what was reasonably necessary for the canal purposes specified. The large tract in controversy was not required for the uses contemplated by the charter, nor was it so applied. When listed for taxation, and for a long time previous, it was held by the company as a source of revenue. It was, therefore, subject to taxation, although there had been no judicial proceedings to enforce the forfeiture of the company's right of exemption from bearing its just proportion of the public burdens. Angell & Ames, sects. 449, 450; *Hooker* v. *Turnpike Company*, 12 Wend. (N. Y.) 371.

*Mr. Walter S. Cox, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

In the action of ejectment which is the foundation of this case the defendant in error was plaintiff, and produced evidence which made an unquestioned *prima facie* title to the land, with possession for more than thirty years undisturbed, until the tortious entry of defendant in 1867. On this the canal company recovered judgment; and the only error assigned is, that the court refused to receive evidence of a tax title in the defendant. The tax sale on which this title rested took place in the year 1864.

The statute of Virginia under which the canal company was incorporated contained a provision exempting the canal and its works from taxation; and this was adopted, so far as the company had property in the District of Columbia, by the act of Congress of March 3, 1825, 4 Stat. 101, which authorized the construction of the canal in the District.

As there could be no legal taxes on this property, the sale in 1864 was therefore void, and the offer to prove a tax title was properly rejected.

It is argued in opposition to this view that the canal com-

pany had, by non-user of that part of the canal which constituted the *locus in quo,* forfeited its title and its right of exemption from taxation; and testimony was given to prove this non-user.

But we are of opinion that the question of such forfeiture could only be established by a direct proceeding on the part of the public authorities, and a decision to that effect in a proper tribunal, and cannot be made an issue for the first time in the trial of this question of private right between the present parties.     *Judgment affirmed.*