## JOHNSON et al. v. JACKSON.

No. 20694. Opinion Filed March 29, 1932.

Twyford & Smith, Leo G. Mann, and G. Lee Gibbs, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendant in error.

LESTER, C. J. The parties will be referred to as they appeared in the district court.

The plaintiff brought an action to cancel certain tax deeds based upon tax certificates. The defendants filed demurrers to the plaintiff's petition, and also alleged that the plaintiff's action was barred by the statute of limitation as shown on the face of plaintiff's petition. The trial court overruled the demurrer of the defendants and rendered judgment in favor of the plaintiff. The defendants elected to stand upon their demurrers; judgment was rendered by the trial court canceling the tax deeds and quieting title in the land to the plaintiff. From this judgment the defendants appeal.

A more detailed statement of facts is as follows:

The plaintiff commenced his action on the 9th day of January, 1929. The plaintiff alleged in said petition that the defendants claimed an interest amounting to a cloud on plaintiff's title, by reason of a tax deed executed by the county treasurer, on the 5th day of December, 1924, and on the 6th day of January, 1925, and that the said deed was based on tax certificates for taxes assessed against said land while the same was nontaxable. To this petition, each and all of the defendants demurred on the ground that the cause was barred by the several statutes of limitations, in that it appeared on the face of the petition that the action had not been commenced within either one or two years from the recording of the tax deeds, and on the further ground that the said action was barred by an act of the 69th Congress of the United States, H. R. 4761,) act April 10, 1926, 44 Stat. 239), being an act relating to limitations of actions that may be brought by restricted Indians of the Five Civilized Tribes.

On hearing, the court overruled the defendants' demurrers, and the defendants electing to stand on same, the court rendered judgment against the defendants and in favor of the plaintiff. Thereafter, and within time provided by law, this case was duly lodged in this court.

The plaintiff in his petition alleged that he owned the land in question; that he bought it and became the owner by mesne conveyances from Indian heirs; that the defendants claim some interest under certain tax deeds recorded in the years of 1924 and 1925; that the said tax deeds are void; and other allegations, the substance of which is fully stated in the following portion of plaintiff's said petition:

"* * * Plaintiff became the owner and holder of all the right, title, interest and estate in and to said lands of the said heirs of Bettie Smith by mesne conveyances, and is now such owner and holder thereof, and in possession thereof, and has been since November 2, 1921; that thereafter and on the 5th day of December, 1924, J. F. Myers, as county treasurer of Garvin county, Okla., made, executed and delivered to E. B. Johnston a correction tax deed, covering among other lands the above described lands in section 22, a copy of which deed is hereto attached, marked 'Exhibit A' and made a part hereof; that thereafter and on the 6th day of January, 1925, the said J. F. Myers as county treasurer of Garvin county, Okla., issued his tax deed covering the 20 acres of land in section 21, above described, with other lands to Geo. A. McNee, a copy of which said deeds were duly filed for record in the office of the county clerk of Garvin county, Okla., and now appear of record therein in book 134, at page 464, and book 134 at page 506 thereof; that each of said deeds, as to the above described lands and each and every portion thereof are void and of no force and effect, for the reason that each of said deeds were issued and delivered in satisfaction of tax certificates issued against said respective tracts of land and real estate for the years 1912 and 1913 as to the lands in section 22 and for the years 1912, 1913 and 1914, as to the lands in section 21, years prior to the time that said lands were by law liable for taxes; that said lands at said time were in hands of the full-blood heirs of said allottee, Bettie Smith, and were not subject to taxation; that said deeds and each of them, is void and of no force and effect as to the above-described lands casts clouds upon plaintiff's title to the above-described lands and premises, and prevents his full use and enjoyment thereof; that the said defendants, nor any of them, have never been in possession of said lands, or any part thereof, and have collected no rents, revenues, rents or profits therefrom, and that plaintiff is entitled to have said deeds and each of them, insofar as they cover the above described lands and premises, or any portion thereof, set aside, vacated and held for naught as clouds upon plaintiff's title to the above-described lands and premises, and his title thereto quieted as against the said defendants, and each of them, forever restrained and enjoined from asserting any rights, title, interest or estate in and to said lands and premises, or any portion thereof."

The defendants by their demurrers admitted the statement contained in plaintiff's petition that the tax certificates were issued for the years 1912, 1913 and 1914, against lands belonging to full-blood heirs, and that said land was not subject to taxation.

It clearly appears from the record that the defendants deraign their claim of title on the tax certificates based upon taxes levied on land of full-blood Indian heirs for the years 1912, 1913, and 1914, and that during this period of time the land was exempt from taxation. The holders of the tax certificates thereafter secured deeds from the county treasurer based upon these tax certificates and filed the tax deeds for record on January 12, 1925.

The grantees of the tax certificates never went into possession of the land. It further appears that the full-blood owners, with the approval of the county court, conveyed all their interest in said land to one John W. Porter, and that thereafter, through mesne conveyance, the plaintiff purchased said land and went into possession of the same on the 2nd day of November, 1921, and that he was the owner of and in possession of the same on the 9th day of January, 1929, at which time he filed an action to cancel the deeds based upon the tax certificates and to quiet title in said lands.

The defendants on appeal urge that the court committed error in overruling their demurrers to the plaintiff's petition for the reason that at the time the plaintiff brought his action to cancel the tax deed, such action was barred by the statute of limitation.

In the case of Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, it is stated in the third paragraph of the syllabus:

" 'So long as the original owner of land which has been sold for taxes remains in undisturbed possession of it, the statute of limitations does not run against him or prevent the maintenance of a suit to set aside the tax sale or remove the cloud on his title'."

The defendants attempted to invoke an act of the 69th Congress, U. S. H. R. 4761, and amending section 9 of the Act of May 27, 1908. We do not think that the Act of Congress applies to the action in this case for the reason that none of the parties to the action is an Indian citizen.

In the case of Hutchinson v. Brown, 66 Okla. 250, 167 P. 625, in the sixth paragraph of the syllabus, it is stated:

"Where, under the laws and treaties of the United States, an Indian homestead is exempt from taxation by a state and its subdivisions, a levy and assessment of taxes thereon, a sale of such lands for taxes, and a tax sale certificate issued in pursuance of such sale, are absolute nullities; and the issuance and recording of a tax deed, based upon such void proceedings, does not set in operation the short statute of limitations

against an action to recover such land from a holder under such deed or to avoid such deed."

In the body of the opinion it is stated:

"Under the laws and treaties of the United States, pertaining to the affairs and lands of the Creek Nation of Indians, at the time of the tax proceedings in question including the assessment, levy, sale, and issuance of certificates, the homestead 40 acres of this land was exempt from taxation. English v. Richardson, 224 U. S. 680, 32 Sup. Ct. 571, 56 L. Ed. 949; Choate v. Trapp, 224 U. S. 665, 32 Sup. Ct. 565, 56 L. Ed. 941.

"This exemption is not subject to violation by the state tax laws or administrative officials, directly or indirectly. So far as the state taxing power is concerned the exempt lands do not exist; and so far as the exempt lands are concerned, the taxing power does not exist. The land is as effectively without the pale of the tax laws and their administration as if they were located in another state. All proceedings of the taxing power, having as their effect a violation of this exemption, are without jurisdiction and void, and the tax deed based upon such proceedings is void. Cooley on Taxation, 171 and 1012 (3rd); Quivey v. Lawrence, 1 Idaho, 313; Mackall v. Canal Co., 24 L. Ed. 161, 94 U. S. 308; McGeisey v. Board of Commissioners, 45 Okla. 10, 144 P. 614."

It is our conclusion that the tax certificates were nullities and that the tax deeds based thereon were nullities.

Judgment of the district court is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY J., absent.