## SQUIRES et al. v. SWANSON et al.

### No. 22585.  Oct. 30, 1934.

Leo G. Mann, for plaintiffs in error.

Homer L. Hurt, for defendant in error Swanson.

Cicero I. Murray, for defendant in error Johnico.

PER CURIAM. This is an appeal from a judgment of the district court of Garvin county.

Henry Swanson brought an action in said court, alleging that he was the owner and in possession of an undivided one-half interest in certain lands in Garvin county described in his petition; that M. Squires and R. S. Savery held a tax deed to such lands, which was alleged to be void for the reason that defendant John Johnico, a full-blood Choctaw Indian, owned an undivided one-half interest in said lands, which undivided interest was not subject to assessment or taxation, and prayed for a judgment canceling such tax deed and quieting the title of the plaintiff in and to said lands.

Savery answered, claiming title to the lands by tax deed and a lien for taxes under certain tax certificates issued by the county treasurer of Garvin county, and alleged that Swanson's cause of action was barred by the one-year statute of limitations. It does not appear that an answer was filed by M. Squires, although Squires appears herein as one of the plaintiffs in error.

John Johnico, who was joined as a defendant in Swanson's petition, answered, claiming title to an undivided one-half interest in said lands by inheritance, and prayed for partition.

On the trial it was stipulated that at the time said lands were assessed, the tax sales certificates issued, and the tax deed delivered to Savery or his grantor, an undivided one-half interest in said lands was owned by inheritance by a full-blood Choctaw Indian, duly enrolled as such. It was further stipulated that the county treasurer of Garvin county, in 1923 and 1924, issued and delivered to M. Squires tax sales certificates to said lands, which certificates were by said Squires transferred and delivered to Savery, and that, in 1929, the county treasurer of Garvin county issued and delivered to Savery a tax deed to said premises, which was filed for record the same year.

The trial court found that, one-half interest in the lands involved being owned by a full-blood Choctaw Indian heir and not taxable for any purpose, the tax sales certificates and tax deed as to the entire lands were nullities, and entered judgment for the plaintiff accordingly. From this judgment Squires and Savery appealed to this court by joint petition in error with case-made attached.

Plaintiffs in error devote considerable space in their brief to the argument that the trial court erred in overruling a motion to quash service by publication. It was stipulated on the trial that while this motion to quash service by publication was pending, an answer was filed by defendant

Savery. Neither the motion for new trial nor the petition in error filed in this court mentions the overruling of the motion to quash service by publication. Therefore, the contention that such service by publication is defective will be considered as waived.

Lands inherited and owned by a full-blood Choctaw Indian heir, prior to the removal of restrictions upon alienation and the approval of conveyances, are exempt and nontaxable. Combs v. Johnson et al., 92 Okla. 189, 218 P. 1098. Where a tax deed is based upon tax certificates issued on taxes assessed against exempt lands belonging to a full-blood Indian heir, the tax certificates and tax deed based thereon are nullities, and the owner of the land in possession thereof may bring an action at any time to cancel the deed and remove the cloud from the title. Johnson et al. v. Jackson, 156 Okla. 148, 9 P. (2d) 950. In Davenport et al. v. Doyle, 57 Okla. 341, 157 P. 110, this court held:

"Where a tract of land embracing a Creek homestead (patent for which was issued in 1908), and 40 acres additional, was sold for the full amount of the taxes levied for the year 1909 by virtue of a single, indivisible assessment upon the entire tract as a unit, such amount being in excess of the taxes which might have been lawfully assessed against the portion exclusive of the homestead, and not separable therefrom, the sale is a nullity."

See County of Santa Clara v. Southern Pacific Ry. Co., 118 U. S. 394, 6 Sup. Ct. 1132, 30 L. Ed. 118, and Cooley on Taxation (3d Ed.) 592.

The interest of this full-blood Indian heir in this property not being subject to taxation, and the entire tract of land having been assessed as a unit, the tax sales certificates and tax deed were nullities, it was not necessary for Swanson to tender the amount of the taxes, costs, interest, and penalties accrued as a condition precedent to setting aside the tax deed, and the trial court did not err in refusing to decree the amount of taxes shown by the tax sales certificates as a lien on said lands. The county treasurer being without authority to issue a tax deed for said tract of land, the one-year statute of limitations as to a suit to set aside a tax deed did not apply. Clark v. Board of Commissioners of Cimarron County et al., 143 Okla. 18, 285 P. 127; Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707; Jones v. McGrath, 160 Okla. 211, 16 P. (2d) 853.

Another reason why the judgment of the trial court should be affirmed is that the record discloses that Squires had no interest in said lands, did not file an answer in the trial court, and cannot complain as to the judgment entered, yet Squires and Savery filed a joint petition in error and made joint assignments of error as to the judgment of the trial court. A joint assignment of error must be good as to all who join in it, or it will be good as to none. Temple et al. v. Dugger, 164 Okla. 84, 21 P. (2d) 482.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys T. R. Blaine, H. G. McKeever, and Harry O. Glasser in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blaine and approved by Mr. McKeever and Mr. Glasser, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.