LIND v. McKINLEY.

No. 31355. Sept. 25, 1945.

*161 P. 2d 1016.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error.

Houts & Houts, of Alva, for defendant in error.

RILEY, J. Eva M. Lind appeals from a judgment and decree quieting title to lands in B. H. McKinley.

McKinley commenced this action June 11, 1942, and deraigned his title to the land, consisting of 100 acres along the Cimarron river in Woods county, by a resale tax deed dated May 19, 1941, executed in behalf of the county, and a county commissioners' deed issued to him, dated June 1, 1942, and recorded June 8, 1942.

Defendant Lind made a tender to plaintiff and contended that the county commissioners' deed under which plaintiff claimed was void because of invalidity of resale proceedings by which the land was sold to the county, and that the invalidity of resale proceedings existed by reason of a fundamental defect contained in the notice of resale, which notice, required by law to be published, advertised the land at sale for resale for an excessive amount of taxes. Plaintiff McKinley, by amended reply, pleaded the statute of limitations, 68 O. S. 1941 §455, as against the answer and cross-petition of defendant Lind.

The undisputed evidence adduced from the records by deputy county treasurer, who made the calculation for published notice of the land at resale, disclosed that a sum equal to the amount of taxes against the land for the year 1934 ($4.90) was erroneously included in the computation, and that the amount, including penalty and costs in the sum of approximately $5, was included in the total sum of $90.56 for which the land was advertised and bid off in the name of the county, as stated in the resale deed executed in behalf of the county.

The statute, 68 O. S. 1941 § 432b, requires the notice of resale to contain the total amount of all delinquent taxes, costs, penalties and interest accrued, due, and unpaid on the land. By 68 O. S. 1941 §432d, in the absence of other bids, the county treasurer has authority to bid off property in the name of the county for the amount of all taxes, penalties, interest, and costs due thereon, and to issue a deed therefor for the use and benefit of the county.

By 68 O. S. 1941 §432g, a form of resale tax deed is prescribed, wherein "if bid in the name of the county," the amount of taxes, interest, penalties, and costs cancelled is required to be inserted and the property described.

By force of statute, 68 O. S. 1941 §432h, a resale tax deed executed in substantial compliance with the form statute is prima facie evidence, among other facts, that (3) the taxes (for which the land was sold at resale) were levied according to law, and (6) that the property was regularly sold at resale.

It is elementary that presumptions indulged by reason of a statutory prima facie rule of evidence may be overcome, as suggested by the statute, by evidence of facts clearly pleaded and clearly proven that one or more of the essential prerequisites to the creating of authority in said county treasurer to execute such deed was wholly omitted and not done.

However, this court is not concerned in the case at bar with an omission, in whole or in part, by the county treasurer to perform any one or more of the essential prerequisities. It is concerned with an alleged, and clearly proven, affirmative fundamental irregularity com-

mitted and existing by reason of a unit of taxes in a sum equal to the amount levied against the land in the year 1934 being included in the notice for resale and in the deed issued pursuant to resale of the land. The issue so presented is whether a sale of property at resale for more than the amount of taxes, penalties, interest, and costs affects validity of the resale and the proceedings subsequent by which plaintiff acquired title through a commissioners' deed.

That the sum erroneously included in the resale notice and deed was substantial so that the rule de minimus non curat lex, by which the law pays no attention to trifles, may not be applied, is established by the fact that the sum is equal to a year's taxes levied against the property, but which amount was in fact never assessed, due, or delinquent as taxes against the property. To hold that a unit of taxes would come within the rule would be to sustain such a deed against a poor man's property yet exemp the more valuable property of the rich.

The sale of property for taxes is a forfeiture imposed by law, much more to be abhorred than foreclosure invited by contract. Taxes in default for which property is sold in tax sale proceedings usually bear a small relation to the actual value of the property. The forfeiture occurs by reason of improvidence, neglect, and casualties, and is not favored in the law. Town of Mt. Morris v. King, 28 N.Y.S. 281, 77 Hun, 18.

Under the rule prevailing, without limitation, in other jurisdictions, "the rule strictissimi juris being generally appled, the slightest variation" (of an inclusion of more or less than the legally exact amount of taxes, penalties, and costs for which lands sell at a tax sale) is considered sufficient to invalidate the sale. 51 Am. Jur. 915.

The essential problem, therefore, in considering the effect upon the validity of a tax sale of the inclusion of more than the legal amount of taxes, penal-

ties, and costs, is whether the excess is jurisdictional in nature or whether it is a mere "irregularity done" in connection with performance of the prerequisites vesting in the county treasurer the power to sell. The view that a tax sale at which property is sold for more than the amount of taxes, penalties, and costs is invalid is stated and annotated in 97 A.L.R. 842 and 147 A.L.R. 1141.

Oklahoma adheres to the majority view. Young v. Boswell (1942) 191 Okla. 680, 134 P. 2d 592. Land cannot be sold for taxes not properly chargeable against it. Davenport v. Doyle, 57 Okla. 341, 157 P. 110.

In squires v. Swanson, 169 Okla. 390, 37 P. 2d 276, a certificate deed, regular in form, was held to be a nullity because of a single, individible assessment upon a tract of land in excess of the taxes which might have been lawfully assessed against a part of the land. Therein, under authority of Clark v. Board of Com'rs, etc., 143 Okla. 18, 285 P. 127, Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707, Jones v. McGrath, 160 Okla. 211, 16 P. 2d 853, the lack of power to sell the land being shown, the deed issued pursuant to sale was held void, despite the statute of limitations (St. 1931 §12763).

The text of 51 Am. Jur. 915 states:

"It is generally held that a tax sale to enforce the payment of a greater sum than the amount of taxes, penalties, and costs is invalid."

Cooley on Taxation, vol. 3, ch. 23, sec. 1427, p. 2827, says:

"A tax sale at which property is sold for more than the amount of taxes, penalties, and costs, is invalid. . . ."

Lumsden v. Erstine, 205 Ark. 1004, 172 S. W. 2d 409, reported 147 A. L. R. 1132, considers such authorities as Cooley on Taxation (4th Ed.) §§ 1381-1382, and Black on Tax Titles (2nd Ed.) §152. In the body of the opinion, these words are used:

"When we remember the character of inviolability which all just and enlightened governments impute to private

property in land, and the sacred regard for such ownership which is manifested in the genius of the common law and the spirit and letter of our Constitutions, it is evident that no other solution of the question will bear the test of searching inquiry. The state, therefore, lays a tax on land, . . . and the same authority gives it power to collect the burden thus imposed . . . Yet this right, like all others appertaining to the state, is not without checks and limitations. The seizure and sale must not be arbitrary or unwarranted. Sovereignty imports no power to deprive the citizen of his property except in pursuance of law and for a lawful demand. Where just and legal condemnation ends, confiscation begins. Hence the tax itself must be lawful, and be legally assessed and levied; the land must be such as is liable to contribute; and the owner must be fairly in default. Moreover, the statutes must prescribe regular and orderly processes, . . ."

It is admonished that every opportunity must be afforded the taxpayer to protect himself from illegal exaction or to save himself from the consequences of his inadvertence or neglect, and with this being understood, laws providing for the sale of lands for nonpayment of taxes are not unconstitutional.

By the authorities stated, the essential prerequisites suggested by 68 O. S. 1941 § 432h may be, as they are, resolved into "Foundation of the Power to Sell Land".

The power to sell land for taxes is dependent upon (1) the property being subject to the tax for which it is sold. If it is not subject to taxation, there is no power to sell. Section 6, art. X, Const. Okla.; Black on Taxation, § 267. This court so holds. Squires et al. v. Swanson, supra. (2) A void tax defeats the power to sell. The general rule elsewhere prevailing is that "If land is sold for taxes, a part of which is legal and a part illegal, the sale is void in toto". Black, § 230. Thus, according to the general rule, either invalidity of a tax because of excess of authority or because of total noncompliance with one or more of the prerequisites in tax proceedings, which the law has provided for the protection of the taxpayer, a purported sale of property becomes a nullity and deed based thereon is void.

As pertaining to excess authority, Cooley, Const. Lim. 521, says:

"And if property is sold for the satisfaction of several taxes, any one of which is unauthorized or for any reason illegal, the sale is altogether void."

This court has held that an attempted sale of property at resale for 60 cents in excess of the amount of taxes, penalties, and costs is void, and that curative provisions of statute cannot remedy the defect. Young v. Boswell, supra.

A void description of the property defeats the power to sell. The requirement of a reasonably certain description of the land is jurisdictional. Black, § 172. Terwilleger v. Bridges, 192 Okla. 642, 138 P. 2d 79; Gilbert v. Conservative Loan & Trust Co., 138 Okla. 1, 280 P. 278. The defect, if a misdescription, cannot be remedied by curative provisions of statute.

Prior payment defeats the power to sell. Black, Tax Titles, § 156. This court holds that even the tender of payment defeats the power to sell. Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544; Headley et al. v. Hall et al., 191 Okla. 352, 129 P. 2d 1018.

Excessive charges defeat the power to sell. Black on Tax Titles, § 232, in reliance upon Cooley on Taxation, says:

"The statutory power is a power to sell for lawful taxes and lawful expenses, and if it is exceeded by including unlawful items of either class, the power is exceeded, and its exercise is invalid in toto, from the manifest impossibility of saving the sale in part, when the invalidity extends to the whole." Cooley on Taxation, 497.

When it is observed that this court has not failed to declare void tax deeds based on proceedings containing errors affecting the power to sell land, in that the property is not subject to the tax, or where the tax is void, or where the

land is misdescribed, or where taxes are paid or tendered, it is evident that curative provisions of law have had little, if any, effect to vest authority nonexistent.

To the contrary, the curative provisions of statute may perfect all defects except those relating to the power to sell. But if the power is defeated by an excessive charge, because the excessive charge defeated the power to sell, to say that curative provisions of statute limited to omissions in the performance of essential prerequisites, is to reason an absurdity, as in Arkansas (Lumsden v. Erstine et al., supra) and say "The breath of life can be breathed back into a corpse after a lapse of years".

It therefore follows that by reason of the resale of the land for a substantial sum in excess of the amount of taxes, penalties, and costs the power to sell was defeated, the defendant was entitled to have her tender accepted, and the trial court erred in rendering judgment for plaintiff.

Moreover, provisions respecting limitations with reference to resale tax deeds are applicable only to resale tax deeds issued by one with authority to sell land at resale and to issue a deed therefor. Deneen et al. v. Gillespie, 180 Okla. 342, 70 P. 2d 1078. Otherwise, the legal effect of the deed is a mere scrap of paper and it is not a resale tax deed, although so denominated therein and although it has the general appearance thereof. Mahoney v. Barton, 168 Okla. 586, 35 P. 2d 443; Swan v. Keuhner, 157 Okla. 37, 10 P. 2d 707.

Reversed.

GIBSON, C.J., and OSBORN, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., and BAYLESS, WELCH, and CORN, JJ., dissent.

---

WELCH, J. (dissenting). Stripped of immaterial or unnecessary detail the essential facts in this case are that in advertising this property for resale the county treasurer by miscalculation stated the total due and delinquent at $90.56, which was excessive by $5, or approximately 5½ per cent. No one bid at resale, so by operation of law the land was sold to the county pursuant to 68 O. S. 1941 § 432d.

I think the legal result was a sale to the county in the language of the statute for the amount of taxes due and delinquent with penalty and costs, that is, $85.56, and not a sale to the county for the erroneously stated sum of $90.56. The taxpayer at any proper time for redemption could have redeemed and he could not have been required to pay $90.56 to redeem, but at any time could have redeemed for the correct amount as reflected by the treasurer's books of $85.56. The statute requires sale to the county at no more or no less than the amount of taxes on the treasurer's books with penalty and costs, in this case $85.56, and no change can be effected by an error of the treasurer in stating in his notice of sale that the figure is larger by $5 than his tax books show the amount to be.

In the majority opinion this excessive $5 is referred to as equal to the amount of taxes against the land for one of the delinquent years. That is thought to magnify the error of calculation. It would seem to me to more clearly magnify the neglect of the taxpayer, by indicating the long number of years in which he paid no attention to his taxes.

I think we are faced squarely with the question whether it necessarily invalidated the resale when the county treasurer, by miscalculation in stating the amount of taxes in his notice, states a sum which is excessive by approximately 5½ per cent. I think we should meet the question and determine it squarely. I think such an error does not necessarily invalidate the sale where there is nothing to show or to intimate that the taxpayer was prejudiced or could or might have been prejudiced by such error.

One might readily agree that a treasurer's error in his notice which did prej-

udice the owner in some way would furnish amply equitable ground for setting aside the sale and deed. Also, where the error is such as to indicate on its face that it could or might cause prejudice to the owner, a court might well find grounds to grant relief within its equitable power. That is different from saying that the mere error in calculation here shown, standing alone, wholly invalidates the sale.

The majority opinion appears to hold that such an error, by itself, and standing alone, either deprives the county treasurer of power to sell under that defective notice, or wholly invalidates the sale; however, the opinion is not wholly clear that such is the determination, and there are some confusing points in the majority opinion and the conclusion is not supported by our cited former decisions, as I shall demonstrate.

The opinion on page 5 characterizes the sale of property for taxes as a forfeiture which is to be abhorred. If the thought is that such sale is to be abhorred either by the law or by the judges, surely such suggestion goes too far and is wholly incorrect. The opinion emphasizes the fact that land taxes are usually insignificant in amount as compared to the value of the property. One of the burdens of owning property is the payment of taxes, and it is but natural and normal that one who cannot or will not pay his proper taxes cannot continue to own the property. I think the court is not justified in stating that such a forfeiture is so abhorrent.

The majority opinion misconstrues the former holding of the court in Young v. Boswell, 191 Okla. 680, 134 P. 2d 592. That former decision is cited as supporting the rule that tax sale for any excessive amount is invalid. That former decision is not in point here. It involved not an amount added by miscalculation, showing to be in excess of the amount delinquent on the tax records, but involved a case where the treasurer persisted in retaining on his tax books an illegal tax charge against the land. It has been judicially determined specifically that such tax was illegal, and it was the specific and mandatory duty of the treasurer to correct his tax roll and eliminate that illegal tax levy, which he neglected or willfully failed to do. It was pointed out in the opinion there that the sale was held invalid because of the above stated facts, and not merely because of the 65c excess. In this case, if we are to hold that the mere error of excess by miscalculation in the notice invalidates the sale, we should not do so on authority of Young v. Boswell, or on the premise of a misconstruction of the decision in Young v. Boswell.

Nor should we reach this conclusion on the cited authority of Davenport v. Doyle, 57 Okla. 341, 157 P. 110, which is not in point, but involves an attempted sale of land for taxes when the land was wholly exempt from taxation.

Nor should we do so on the authority of Squires v. Swanson, 169 Okla. 390, 37 P. 2d 276. In that case the county treasurer had assessed taxable real estate belonging to one person with nontaxable real estate belonging to another person in one unit upon the valuation of the whole, and thereafter upon nonpayment had sold the whole property. Of course, such assessment was void and directly and definitely interfered with the right of redemption and even the right to pay taxes and avoid the delinquency. The owner of the taxable real estate could not pay his taxes without also paying taxes on the nontaxable real estate of the other, nor could either redeem. Thus the error there upon its face disclosed definite prejudice. There also the sale was bottomed upon an invalid assessment. But here the assessment was valid; the correct amount of tax lien was shown by the tax records; the treasurer merely erred in adding the sums to arrive at and state the total due.

I would hold that this error of the treasurer does not necessarily import prejudice, nor does it, standing alone,

**10**

render the sale void; that an irregularity only is shown which is not sufficient to defeat the resale deed in the absence of any showing whatever in pleadings or proof that would or might justify the intervention of the equitable power of the court.