CHERRY et al. v. HUTCHMAN et al.

No. 34214. Oct. 16, 1951.

*236 P. 2d 687.*

W. R. Kerr, Tulsa, for plaintiffs in error.

Geo. W. Reed, Jr., Tulsa, for defendant in error Ralph J. Hutchman, intervener.

Elmer W. Adams, Co. Atty., and Hugh Webster, Asst. Co. Atty., Tulsa, for cross-appellants.

PER CURIAM. This is an action brought by Jim Cherry and Willie N. and Rubey Gaithers against the county treasurer, board of county commissioners of Tulsa county, the city of Tulsa, Oklahoma, Margaret Emerson and other unknown owners and holders of special assessment improvement bonds issued by the city of Tulsa under its city ordinances to quiet title to lots 3, 4, and 5, in block 2, Greenwood addition to the city of Tulsa. Plaintiffs base their title on a deed executed by the board of county commissioners f Tulsa county on the 9th day of November, 1938. Plaintiffs, among other things, in their petition allege that the right of the owners and holders of the street improvement assessment bonds to enforce their lien against the lots created by their issuance is barred by the statute of limitations and that the court should set aside, cancel and extinguish and hold for naught such lien.

The record discloses that the lots in question were sold at tax resale by the county treasurer to the county of Tulsa for taxes assessed and delinquent against the lots for the years 1930 to 1937, inclusive, and that on the 9th day of November, 1938, the county of Tulsa, through its board of county commissioners, sold and conveyed the lots by county commissioners' deed to Chester Henderson; that he in fact bought the lots for plaintiff Cherry who furnished him the money with which to pay for the lots; that the consideration paid for the purchase of the lots was the sum of $410, and that Chester Henderson afterwards conveyed the same to him by quitclaim deed, and that plaintiff Cherry thereafter sold lot 5 to his co-plaintiffs, William N. and Rubey Gaithers. The record shows that at the time of the resale and the board of county commissioners' sale, the record title to

the lots was in Cyrus S. Avery and C. A. Mayo, who each owned an undivided one-half interest therein. It is further shown that after the institution of this suit plaintiff Jim Cherry obtained a quitclaim deed from them conveying to him all their right, title and interest in and to the lots.

All defendants defaulted except defendants county treasurer and the board of county commissioners of Tulsa county, Oklahoma.

It is further shown that on December 2, 1932, the Tulsa Tribune obtained a judgment against Cyrus S. Avery in the court of common pleas of Tulsa county in the sum of approximately $5,000; that the judgment was thereafter transferred to the district court of Tulsa county; that the judgment was kept alive by issuing timely executions and is still in full force and effect. This judgment was later assigned by the Tulsa Tribune to Lloyd P. Crum, and on November 5, 1947, leave of court first having been obtained, he entered his appearance and filed his answer and cross-petition, in which he, in substance, pleads the rendition of the judgment above referred to and its assignment to him; that he was then the owner and holder thereof; that it constituted a lien on one-half interest in the lots then owned by Cyrus S. Avery and that such lien was not canceled by the tax sale; that the resale of the lots by the county treasurer to Tulsa county at tax sale is wholly void for the reason that the county treasurer in advertising the land for sale included in the advertisement all the taxes assessed against the lots for the year 1937; that in truth and in fact the taxes were not then delinquent against said lots for the last quarter of the year 1937. He prays that the tax sale be held void as to his judgment lien and that in the event judgment be rendered in favor of plaintiff quieting title to the lots in plaintiffs as against defaulting defendants that their title should be quieted subject to his rights under his judgment lien. Some time

after he filed his answer and cross-petition, but before trial, he tendered and deposited in court the sum of $522.76, the total amount of delinquent taxes then due and owing Tulsa county, and he further prayed that the county treasurer be ordered and directed to issue to him a tax certificate in the amount equal thereto and that he be subrogated to all the rights of Tulsa county and the State of Oklahoma for the collection thereof. It is further shown that after Crum had filed his cross-petition he assigned all his rights and title in and to the judgment to Ralph J. Hutchman, and he is now the owner and holder thereof, and that he was afterward substituted as party intervener in lieu and instead of Lloyd P. Crum. On July 16, 1948, the county treasurer and county commissioners of Tulsa county filed their amended answer and cross-petition in which they plead that the county of Tulsa and the State of Oklahoma have a lien on the lots in question for delinquent taxes assessed against them and, in the event the court should hold the resale tax sale and the deeds based thereon absolutely void, then the county of Tulsa is entitled to enforce its lien to the extent of the delinquent taxes then due and that the court should render judgment in their favor accordingly.

Defendant City of Tulsa filed a disclaimer.

Plaintiffs each filed separate motions to strike intervener Hutchman's cross-petition and general demurrers thereto on the ground that the intervener had by virtue of his judgment lien acquired no right, title or interest in the lots in question as would authorize him to redeem the lots from tax sale and they were therefore not proper parties to contest the validity of the tax sale. The motions and demurrers were overruled by the court to which plaintiffs excepted.

Plaintiffs then each filed separate answers to the cross-petition of Ralph J. Hutchman in which they challenge the jurisdiction of the court to enter-

tain Hutchman's answer and cross-petition, plead limitation and laches and that valuable improvements have been made on their separate tracts and in the event their deeds be held void as to cross-petitioner Hutchman they be granted relief under the Occupying Claimants Act, 12 O. S. 1941 §§1481 and 1482.

There is no dispute as to any of the material facts in the case and they are as above stated and as alleged and pleaded by the parties in their various pleadings. The issues here presented constitute issues of law rather than issues of fact.

The trial court, after finding that all parties defendant have been properly served, including those who were served by publication, and that all defendants, except defendants county treasurer and board of county commissioners of Tulsa county, have failed to answer and plead but have defaulted, the court entered the following judgment:

" . . . It is therefore, ordered, adjudged and decreed that Jim Cherry plaintiff herein, is the owner of and in possession of Lots Three (3) and Four (4), in Block Two (2) Greenwood Addition to the City of Tulsa, Tulsa County, Oklahoma, according to the recorded plat thereof; and that Willie N. Gaiters and Rubey Gaiters, his wife, are the owners of and are in possession of Lot Five (5) in Block Two (2), Greenwood Addition to the City of Tulsa, Tulsa County, State of Oklahoma and their respective titles in and to said respective described tracts and lots of land are hereby quieted in them; and their heirs, grantees and assigns forever, as against each, all and every one of the defendants and all persons claiming by, through and under them, or either of them, and that the taxes represented to have been liquidated, cancelled, satisfied and extinguished in connection with the issuance of the deeds plead herein, were in fact liquidated, cancelled, satisfied and extinguished, save and except the unpaid ad valorem taxes, interest penalty and costs in the sum of $522.76 due Tulsa County and the State of Oklahoma;

and that said defendants and each of them and all persons claiming by, through or under them, or any of them, are hereby perpetually and forever enjoined from asserting or attempting to assert, claiming or attempting to claim, any right, title, interest, equity or estate in and to said lands adverse to said plaintiffs, their heirs, grantees and assigns, save and except the judgment hereinafter rendered in favor of intervenor, Ralph J. Hutchman. . . .''

The court further found that the statute of limitations had run against the owners of the improvement bonds issued by the city of Tulsa and ordered and decreed that the lien created against the lots by virtue of the issuance of the bonds be canceled, set aside, extinguished and held for naught. The court further found in favor of intervener, Ralph J. Hutchman, and sustained his judgment lien and decreed such lien to be superior to the rights and title claimed by plaintiffs under and by virtue of their deeds and ordered and directed that execution be issued and levied upon the one-half undivided interest then owned by Cyrus S. Avery. The court further ordered and directed the court clerk to pay to the county treasurer of Tulsa county the sum of $522.76, the amount tendered and deposited in court under the tender statute, and that intervener, Ralph J. Hutchman, have judgment in such amount, together with interest at 6 per cent until paid, and that he be subrogated to all of the rights of the county of Tulsa and State of Oklahoma to enforce the collection thereof.

On the 19th day of April, 1949, the trial court, on application of plaintiffs and intervener, Hutchman, by nunc pro tunc order corrected the journal entry of judgment originally entered. The court found that the judgment as originally entered did not speak the truth; that the judgment as entered was not the judgment rendered by the trial court, but that it was so entered because of a mistake of the scrivener. The court upon this finding entered a corrected order and ordered and adjudged

that the court clerk be directed to pay out of the money tendered and deposited in court by intervener, Hutchman, the sum of $112 to the county treasurer, the amount of delinquent taxes then due Tulsa county after crediting $410, the amount paid by the purchaser of the lots at board of county commissioners' sale as taxes paid and directed the court clerk to pay the balance of the amount deposited, or $410, to intervener, Hutchman, and ordered and directed that judgment be entered in his favor in the sum of $112, and that he be subrogated to all the rights of Tulsa county and the State of Oklahoma to enforce collection thereof.

Plaintiffs appeal from the judgment rendered in favor of intervener, Hutchman, insofar as it granted him any relief under his answer and cross-petition, and also appeal from the judgment rendered in favor of the county treasurer and board of county commissioners of Tulsa county sustaining the lien of Tulsa county for taxes assessed and delinquent against the lots.

The county treasurer and the board of county commissioners of Tulsa county cross-appeal from the judgment rendered directing the court clerk to pay to the county treasurer the sum of $112 of the amount tendered and deposited into court by intervener, Ralph J. Hutchman, and insofar as it directed him to pay the balance of the sum of $410 to said intervener.

It is plaintiffs' contention, when the court quieted title in them in and to their respective tracts as against defaulting defendants and canceled, set aside, extinguished, and held for naught the lien of the owners and holders of the improvement assessment bonds created by the issuance thereof by the city of Tulsa, it in fact sustained the validity of the tax sale and the validity of their respective deeds based on such sale, and as a matter of law should have likewise set aside, extinguished, and held for naught intervener, Hutchman's, judgment lien and the lien of the county of Tulsa for delinquent taxes then due and assessed against the lot and should have denied intervener any relief under his answer and cross-petition. We do not agree. The court did not sustain the validity of the tax deed. He simply refused to set aside such deed as to defaulting defendants and quieted title in plaintiffs subject to intervener, Hutchman's, lien and to the lien of Tulsa county for delinquent taxes, which defendants appeared and pleaded the invalidity of the tax sale and the deeds based thereon in order to protect their liens. We think the court ruled correctly in this respect, or at least committed no error of which plaintiffs may complain, and neither of the other parties in interest do complain.

The evidence is undisputed that the county treasurer in advertising the lots for sale included in the advertisement the entire taxes due for the year 1937, when in truth and in fact the last quarter of the taxes assessed against them for that year were not then due and delinquent. The tax sale for such excessive amount, based on such advertisement, is clearly void. Lind v. McKinley, 196 Okla. 4, 161 P. 2d 1016; House v. Mainka, 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229. Plaintiffs further contend that the court erred in overruling their motions to strike intervener, Hutchman's, answer and cross-petition and their demurrers thereto. In this connection it is argued that intervener, Hutchman, by virtue of his judgment lien had acquired no right, title or interest in and to the lots involved and was not therefore such person as is authorized to redeem them from tax sale and therefore not a proper party to contest the validity thereof. We do not agree. The intervener had by virtue of his judgment lien such interest as to authorize him to intervene and plead and prove the invalidity of the sale in order to protect his lien and preserve his right to levy upon the lots. Fair v. Brown, 40 Iowa 209; Adams v. Rogers, 158 Okla. 163, 13 P. 2d 170; Henry v. Brown, 190 Okla. 109,

121 P. 2d 594. These cases are somewhat analogous to the facts in the present case.

The contention of plaintiffs that intervener's cause of action is barred by limitations cannot be sustained since, under the evidence and the pleadings in the present case the trial court was clearly correct in holding the tax sale void as to said intervener, his cause of action is not governed by the one year statute of limitation, 68 O. S. 1941 §432f, or the two year statute of limitation, 12 O. S. 1941 §93, subd. 3, relied upon by plaintiffs. Frates v. Whitson, 195 Okla. 129, 155 P. 2d 536. We are also of the opinion that the evidence is not sufficient to sustain the contention of plaintiffs that intervener, Hutchman, or any former owner of the judgment, was guilty of laches to the injury and detriment of plaintiffs or either of them because of delay in levying upon the lots.

Plaintiffs finally contend that the court was without jurisdiction to render judgment in favor of intervener for the reason he failed to prove payment of intangible tax upon the judgment pleaded. The evidence, however, shows there was offered in evidence an affidavit stating that the intangible tax assessed against the judgment for the year 1947 and all prior years had been paid, and there was also offered in evidence an exhibit showing the judgment had been listed for intangible taxation by the then owner of the judgment, Lloyd P. Crum, for the year 1948. There was no specific objection made against the admission of this evidence. We think the evidence sufficient to show compliance with the Intangible Tax Law.

The contention of plaintiffs that they are entitled to relief under the Occupying Claimants Act to reimburse them for improvements made upon their respective lots need not be determined in the present case. If and when intervener chooses to levy upon the lots and to sell them on execution, or otherwise attempt to obtain possession, the rights of plaintiffs to obtain relief under the Occupying Claimants Act before they may be dispossessed, may then be determined.

The county treasurer and the board of county commissioners of Tulsa county, Oklahoma, cross-appealed from the judgment rendered in favor of intervener, Hutchman, directing that the court clerk return to him the sum of $410 of the money deposited. It is their contention that the court should have directed the clerk to pay to the county treasurer of Tulsa county the entire amount deposited. In support they rely on Gassaway v. Skiveers, 182 Okla. 9, 75 P. 2d 1149. This case sustains their contention and the court should have directed the court clerk to pay the county treasurer the entire amount deposited.

We are also of the opinion that the court erred in rendering judgment in favor of intervener for the amount deposited and directed to be paid to the county treasurer of Tulsa county, Oklahoma, and in subrogating him to the right of Tulsa county for the collection thereof. Intervener in this respect is in no better position than the record owners would have been had they sought to set aside the tax sale. No one in interest may be compelled to pay taxes in order that intervener might levy upon the land free and clear from the superior lien of Tulsa county for delinquent taxes. This duty rests upon intervener and upon him alone in order that he may levy upon and sell the land and convey title free from such lien.

Judgment modified in the particulars as stated, and as so modified is affirmed with directions to the trial court to enter judgment accordingly.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur. BINGAMAN, J., dissents.