PARKS v. REPLOGLE et al.

No. 34535. Dec. 16, 1952.

*251 P. 2d 794.*

C. H. Baskin, Holdenville, for plaintiff in error.

Fred E. Suits and Mary L. Weiss, Oklahoma City, for defendant in error C. T. Huddleston, Jr.

BINGAMAN, J. This is an action to quiet title brought by Nellye M. Parks, plaintiff, against D. Replogle and C. T. Huddleston, Jr., as defendants. The trial court rendered judgment in favor of defendants, and plaintiff appeals.

Plaintiff claimed title to the land by virtue of a deed from the county commissioners of Okfuskee county, who obtained title by a resale tax deed issued by the county treasurer of that county, after the 1940 resale. In his answer defendant C. T. Huddleston, Jr., pleaded, among other things, that the resale tax deed to Okfuskee county was void in that it was based upon a notice of resale which included taxes and penalties then not due and delinquent. The defendant D. Replogle answered by way of a general denial. The cause was tried to the court and at the trial it was stipulated by counsel for plaintiff and testified by the county treasurer of Okfuskee county that the notice of resale included the last quarter of the taxes for 1939, although they were not due at the time the notice was published.

Plaintiff here contends that the deed not being void on its face, the action was barred by both the one-year statute of limitations, 68 O.S. 1941 §432f, and the two-year statute of limitations, 12 O.S. 1941 §93, citing in support of this assertion Michie v. Haas, 134 Okla. 57, 272 P. 883, and Cunningham v. Webber, 171 Okla. 211, 42 P. 2d 244. We are unable to agree with this contention.

In House v. Mainka, 196 Okla. 174, 163 P. 2d 225, we said:

"The inclusion in a notice of resale of lands for nonpayment of taxes of the last quarter of the current year's taxes in the sum of about $6, but which quarter was not delinquent at the date of first publication of such notice, renders the notice fatally defective, and the resale and deed based thereon is invalid."

The holding in that case has been adhered to and reaffirmed in fifteen or more subsequent decisions by this court, and is now an established rule of law in this state. And in Cherry v. Hutchman, 205 Okla. 206, 236 P. 2d 687, we said that the contention of the plaintiffs that the intervener's cause of action in that case was barred by limitations could not be sustained for the reason that a tax sale similar to that in the instant case was wholly void.

In her second contention plaintiff argues that the holding of the court in these cases helps the tax dodger and that because the father of the defendant, C. T. Huddleston, Jr., conveyed the property to him prior to the tax sale and while he was a minor, he did not acquire title in good faith and may not now question the validity of the sale. Obviously, if, as held in House v. Mainka, and the other cases following the rule therein announced, the sale was absolutely void, we think any owner of the title to the property could successfully contest the validity of the tax deed issued pursuant to the resale. Since the plaintiff in the instant case had no title to the property under these decisions, how or under what circumstances C. T. Huddleston, Jr., obtained his title could not aid her.

Plaintiff also asserts that the taxes improperly included amounted to a very small sum and that this should be considered in determining the question. But in Whitehead v. Garrett, 199 Okla. 278, 185 P. 2d 686, the taxes for the last quarter which were improperly included in the resale amounted to only 53¼ cents, and we held that the resale was fatally defective and the deed based thereon invalid.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.