Hubert A. DAY et al., Plaintiffs In Error,

v.

Walter L. HART, Leona Wall, County Treasurer of Garvin County, Oklahoma, and The Board of County Commissioners of Garvin County, Oklahoma, Defendants In Error.

No. 36688.

Supreme Court of Oklahoma.

April 10, 1956.

Looney, Watts, Ross, Looney & Nichols, Ames, Daugherty, Bynum & Black, Brown & Verity, Oklahoma City, Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, Forrest M. Darrough, Walter Davison, Varley Taylor, Tulsa, R. B. Garvin, Pauls Valley, for plaintiffs in error.

Haskell Paul, Chas. E. Jackson, Raymond Burger, County Atty. of Garvin County, Pauls Valley, Luttrell & Luttrell, Norman, for defendants in error.

JACKSON, Justice.

This is an action in ejectment and to quiet title to 360 acres of land in Garvin County, brought by plaintiff, Walter L. Hart, against the defendants, Hubert A. Day, et al. Judgment was for plaintiff, and defendants appeal.

Plaintiff bases his title and right to possession to the land upon a deed acquired in 1953 from the county commissioners after the property had been sold to the county in the 1940 Garvin County tax resale. The Board of County Commissioners and the County Treasurer of Garvin County intervened in supporting the validity of the resale deed to the county and the commissioners' deed to the plaintiff.

Defendants claim their title through one E. C. Jordan who was the original owner prior to the 1940 resale, and attacked the title of plaintiff on the ground that the resale deed was void. Defendants tendered into court the amount of unpaid taxes, penalties, interest and costs.

The property involved was advertised and sold in the 1940 resale, not only for the delinquent taxes, but for the last quarter 1939 taxes which were not delinquent on the date of the first publication of notice of sale. It also appears that in September, 1940, subsequent to the tax resale, the original owner, Jordan, submitted a bid of $100 to purchase the land from the county and obtained a county commissioners' deed thereto for that amount which was considerably less than the amount of the taxes, penalties and interest for which the property had been sold in the resale. Jordan and his grantees have been in continuous possession of the property to the present time.

In January, 1953, the county commissioners adopted a resolution declaring the commissioners' sale to Jordan in September, 1940, invalid and resolved that the county still owned the property, despite such sale. This action, in their view, paved the way for the commissioners' deed to plaintiff upon which he bases his title in this action.

It is first contended by defendants that the 1940 tax resale was void for defective notice because the last quarter 1939 taxes were included when not delinquent and therefore the county acquired no interest in the property by virtue of the sale and no interest was conveyed to plaintiff by commissioners' deed executed in 1953.

Plaintiff contends that the tax resale was not void, but merely voidable, and that Jor-

dan waived the irregularity in the notice and ratified the sale by submitting his bid in September, 1940, to purchase the county's interest.

It is admitted by plaintiff that this court, in passing upon the validity of tax sales subject to the attack made here, has held that the proceedings were void. In Williamson v. Hart, 199 Okl. 328, 186 P.2d 71, the court had for consideration the validity of the Garvin County 1940 tax resale and held that a resale deed and title based thereon were void for the reason that the last quarter 1939 tax was included. See, also, House v. Mainka, 196 Okl. 174, 163 P.2d 225; Sarkeys v. Evans, 197 Okl. 304, 170 P.2d 229; Carman v. McMahan, 198 Okl. 367, 178 P.2d 626; Smith v. Barry, 200 Okl. 619, 198 P.2d 400; Parks v. Replogle, 207 Okl. 536, 251 P.2d 794, and Wooding v. Morris, Okl., 261 P.2d 212.

But plaintiff argues that the word "void" as used in the opinions of this court with reference to resale tax deeds is used in the sense of voidable. He contends that the county acquired an interest in this land at the 1940 tax resale even though the sale was not in strict conformity to law; that the interest so acquired cannot be defeated by the original owner without compliance with the tender statute, 68 O.S.1951 § 453, and, therefore, the resale deed issued to the county must be treated as merely voidable and not void.

We cannot agree with plaintiff's argument. The resale deed in question was void, as was held in Williamson v. Hart, supra. It therefore conveyed no title to Garvin County. Since the county did not get a good deed, it could not execute one. The county commissioners' deeds executed herein, first to the defendants and then to the plaintiff, were void. The county had not acquired title by a valid resale and could not transfer the same by a commissioners' deed. This court has so held in Frates v. Whitson, 195 Okl. 129, 155 P.2d 536. In Sarkeys v. Evans, supra, this court held that where a resale deed to the county is void a county commissioners' deed based thereon is also void.

Since all of the deeds in question were void it follows that a valid title never passed from Jordan to the county, or from the county to the plaintiff.

Having concluded that all of the deeds in question were void, we deem it unnecessary to discuss other issues raised in this appeal.

The judgment for plaintiff and intervenors is reversed and the trial court is directed to accept defendants' tender of all taxes, penalties, interests and costs due, and when this is done to render judgment for the defendants.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.